| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Mark A. Roney, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: mroney@hillwallack.com<br>*Attorneys for U.S. Asset Funding, LP* | |
| In Re:<br><br>Karine G. Peterside aka Karine Peterside,<br><br>                      Debtor. | Case No.: 23-10374 (CMG)<br><br>Chapter: 13<br><br>Judge: Christine M. Gravelle, U.S.B.J.<br><br>Hearing Date: March 15, 2023 at 9:00 a.m. |

**CERTIFICATION IN SUPPORT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

I, Irene Belot-Pave, being of full age, hereby certify as follows:

1. I am the Managing Member of RenCap Partners, LLC ("RenCap"), the general partner of secured creditor U.S. Asset Funding, LP ("Movant"), the holder of first mortgage on the below referenced real property. Part of my responsibilities at RenCap is to monitor certain delinquent accounts for Movant, including accounts in litigation and bankruptcy, such as the account of the Debtor, Karine G. Peterside aka Karine Peterside ("Debtor") and co-debtor Chamberlain Peterside (the "Co-Debtor"). As such, I am personally familiar with the facts set forth herein and am authorized to make this Certification on behalf of Movant.

2. This Certification is submitted in support of Movant's Motion for an Order Granting Relief from the Automatic Stay and Co-Debtor Stay with respect to real property

located at 14 Mountainview Court, Millstone, NJ 08510 (the "Property"), on which Movant holds a first mortgage and a Final Judgment in foreclosure.

3.   The information in this Certification is taken from the Movant's business records regarding the commercial loan account at issue in this matter. I have personal knowledge of Movant's procedures for creating these types of records. The records were: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Movant's regularly conducted business activities; and (c) it is the regular practice of the Movant to make such records

4.   On April 25, 2018, Movant agreed to provide a commercial loan to Debtor and Co-Debtor (collectively referred to as the "Borrowers"), in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), plus interest (the "Loan").

5.   At the time the Loan was funded, the Borrowers represented to Movant that they resided at 75 Sierra Court, Old Bridge, NJ 08857 and not the Property, that the Loan was for commercial purposes, and that they would not use the Property as a family residence during the term of the Loan.

6.   To memorialize the terms and conditions of the Loan, in part, on April 25, 2018, for valuable consideration, the Borrowers executed and delivered a Promissory Note to Movant in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) with a variable rate of interest equal to the prime rate published in the <u>Wall Street Journal</u> plus 5.25%, initially 10.0% per annum, with a floor rate of 10.0% per annum (the "Note"). A true copy of the Note is attached as **Exhibit A**.

7. The Note required the Borrowers to make monthly payments of interest only beginning on June 1, 2018 and on the first day of each subsequent month until April 24, 2020 (the "Maturity Date"), when any and all amounts then due and owing under the Note were due and payable. See Exhibit A.

8. In order to secure the Borrowers' repayment obligations under the Note and Amended Note (discussed below), on April 25, 2018, the Borrowers executed and delivered a Mortgage and Security Agreement to Movant for the Property, which Mortgage and Security Agreement was recorded on June 5, 2018 in the Office of the Monmouth County Clerk in Book OR-9290, page 7376&c (the "Mortgage").  A true copy of the Mortgage is attached as **Exhibit B**.

9. In order to further secure the Borrowers' obligations under the Note, on April 28, 2018, the Borrowers executed and delivered to Movant a Collateral Assignment of Leases and Rents (the "ALR") related to the Property, which was recorded on June 5, 2018 in the Office of the Monmouth County Clerk in Book OR-9290, page 7396&c.  A true copy of the ALR is attached as **Exhibit C**.

10. To further secure Movant's interests in the Property, and the proceeds of same as defined by the Mortgage, Plaintiff recorded a Uniform Commercial Code Financing Statement against the Borrowers' personal property serving as collateral for the Loan on June 5, 2018 in the Office of the Monmouth County Clerk as Instrument No. 2018055040 (the "UCC Filing").  A true copy of the UCC Filing is attached as **Exhibit D.**

11. On or about May 1, 2020, for valuable consideration, the Borrowers executed and delivered an Amended Promissory Note to Movant, in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), with a variable rate of interest equal

3

to the prime rate published in the Wall Street Journal plus 5.25%, initially 10.0% per annum, with a floor rate of 10.0% per annum (the "Amended Note"). A true copy of the Amended Note is attached as **Exhibit E**.

12. Pursuant to the Amended Note, among other things, the Maturity Date was extended to November 11, 2020 (the "Extended Maturity Date") and Borrowers agreed to make continuing monthly payments of interest only beginning on June 1, 2020 through to the Extended Maturity Date, when any and all amounts then due and owing under the Amended Note were due and payable. Id.

13. The Borrowers failed to make the monthly payment due under the Amend Note for June 1, 2020 and each of the subsequent monthly payments due thereafter, resulting in a default under the Amended Note and Mortgage, which default continued beyond the Extended Maturity Date when the Borrowers failed to make payment in full of all amounts then due and owing as required by the Amended Note.

14. As a result of the defaults and the failure to pay at maturity, on September 13, 2021, Movant initiated a mortgage foreclosure action entitled U.S. Asset Funding, LP v. Chamberlain S. Peterside a/k/a Chamberlain Peterside, *et al*, in the Superior Court of New Jersey, Monmouth County, Chancery Division, Docket No. F-004664-21 (the "Foreclosure Action"). The Borrowers are both defendants in the Foreclosure Action, among others.

15. On September 19, 2022, a Final Judgment of foreclosure was entered in Movant's favor against the defendants in the Foreclosure Action in the amount of $409,168.40 as of August 17, 2022, plus default interest on the principal amount of $250,000.00 from August 17, 2022 to the date of Final Judgment, plus legal interest thereafter. An award of $4,241.68 in

counsel fees were included and taxed costs of $226.68 were also entered by the Court. A true copy of the Final Judgment is attached as **Exhibit F**.

16. As indicated in the attached Certification Regarding Amount Due, as of the January 16, 2023 petition date, the amount of Movant's claim in this matter equals $430,871.38 as set forth it its Claim No. 2, filed on February 29, 2023. A true copy of the Certification Regarding Amount Due is attached as **Exhibit G**.

17. As indicated in the Certification Regarding Amount Due, in addition to Movant's first mortgage lien, there are outstanding taxes due and owing as of the petition date of at least $113,371.05, and an IRS lien in the face amount of $1,080,722.76, dated July 16, 2018, and a junior lien evidencing a loan amount of $1,950,000.00 to Xcellon Capital Advisors ("Xcellon"). Documentation evidencing these liens are collectively attached as **Exhibit H**.

18. I have been advised by counsel for Movant that the IRS filed a proof claim in this matter (Claim No. 1) asserting claim of $1,358,173.43, of which $109,522.10 is secured.

19. The total amount of the liens against the Property, using the IRS claim amount, equals $2,603,764.54.

20. Debtor has listed the value of her interest in the Property at $473,755.00 on her Schedule A/B based upon a valuation of $947,510.00.

21. There is no equity in the Property given the $2,603,764.54 in liens against the Property that is worth only $947,510.00.

22. Even if the Court considers only the liens against Debtor's interest in the Property, there is still no equity. The taxes, Movant's claim, and the IRS claim result in a total of $653,764.53 in secured claims against the Property and Debtor's interest is only equal to $473,755.00.

23. Further, Movant has not received any post-petition payments from Debtor.

24. As such, Movant is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Code.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Irene Belot-Pave

Dated: February 21, 2023