# **EXHIBIT B**

I certify this to be a true copy

An Attorney-at-Law of New Jersey
Mark A. Roney

Inst. # 2018055038 - Page 1 of 17



# Monmouth County Document Summary Sheet

| | |
|---|---|
| MONMOUTH COUNTY CLERK | **Transaction Identification Number** 3406770 2893114 |
| PO BOX 1251 | **Recorded Document to be Returned by Submitter to:** |
| MARKET YARD | COMMONWEALTH AGENCY, INC |
| FREEHOLD NJ 07728 | 1 WEST FIRST AVE. SUITE 400 CONSHOHOCKEN, PA 19428 |

**Official Use Only**

```
CHRISTINE GIORDANO HANLON
       COUNTY CLERK
    MONMOUTH COUNTY, NJ

    INSTRUMENT NUMBER
        2018055038
        RECORDED ON
        Jun 05, 2018
         8:39:14 AM
  BOOK:OR-9290 PAGE:7376
      Total Pages: 17

COUNTY RECORDING FEES    $170.00
EFILE CONVENIENCE FEE      $2.00
TOTAL PAID               $172.00
```

| | |
|---|---|
| Submission Date *(mm/dd/yyyy)* | 05/30/2018 |
| No. of Pages *(excluding Summary Sheet)* | 15 |
| Recording Fee *(excluding transfer tax)* *(Convenience Fee of $2.00 included)* | $172.00 |
| Realty Transfer Tax | $0.00 |
| Total Amount | $172.00 |
| Document Type | MORTGAGE |
| Electronic Recordation Level | L2 - Level 2 (With Images) |

**Municipal Codes**

| | |
|---|---|
| MILLSTONE | 3305 |

**Bar Code(s)**



**Additional Information (Official Use Only)**

*DO NOT REMOVE THIS PAGE.*
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

73951F7E-3EE5-AB56-9018-2BFA62C8AAF7/3406770 2893114   Page 1 of 2

Inst. # 2018055038 - Page 2 of 17

## Monmouth County Document Summary Sheet

| | | | | | |
|---|---|---|---|---|---|
| **MORTGAGE** | Type | MORTGAGE | | | |
| | Consideration | $250,000.00 | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| | Document Date | 05/30/2018 | | | |
| | Reference Info | | | | |
| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
| | | | | | |
| | MORTGAGOR | Name | | Address | |
| | | CHAMBERLAIN S PETERSIDE | | | |
| | | KARINE G PETERSIDE | | | |
| | MORTGAGEE | Name | | Address | |
| | | US ASSET FUNDING LP | | | |
| | Parcel Info | | | | |
| | Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |

*DO NOT REMOVE THIS PAGE.*
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

73951F7E-3EE5-AB56-9018-2BFA62C8AAF7/3406770 2893114                    Page 2 of 2

SWC-F-004664-21  08/18/2022 10:36:52 AM  Pg 3 of 17  Trans ID: CHC2022191814
Case 23-10374-CMG  Doc 14-4  Filed 02/21/23  Entered 02/21/23 11:18:27  Desc
Branch :FOL,User :NJFO    Order: 341137FTS  Title Officer:  Comment:    Station Id :G6ZA
Exhibit B    Page 4 of 18

Inst. # 2018055038 - Page 3 of 17

# MORTGAGE AND SECURITY AGREEMENT
*(for real property located in New Jersey only)*

## US ASSET FUNDING, LP

**Date:** April 25, 2018

**Mortgagee:** US ASSET FUNDING, LP
347 Eagle Road
Newtown, PA 18940    2018-1160

**Mortgagor:** Chamberlain S. Peterside and Karine G. Peterside

X Individual(s)
X Husband and wife
__ General partnership/joint venture    State:_____
__ Limited partnership                  State:_____
__ Limited Liability Company            State:_____
__ Corporation                          State:_____

**Address of Mortgagor:** 75 Sierra Court, Old Bridge NJ 08857

**Mortgaged Premises:** See Exhibit "A" (Legal Description) attached hereto and made a part hereof
14 Mountainview Court
Millstone, NJ 08510
Assessor Parcel No. 33-00037-03-00026-16

**Obligations:** Loan in the principal amount of $250,000, including without limitation any interest accruing thereon; fees, costs, attorney costs and costs of collection, appeals and defense of claims; together with collateral protection and preservation costs and expenses that may be incurred by Mortgagee during the term hereof.

_____    This is a purchase money mortgage given to secure all or a portion of the consideration paid for the Mortgaged Premises.

__X__    This is a first lien on the Mortgaged Premises.

**1. DEFINITIONS; INCORPORATION OF NOTE** All terms not otherwise defined herein shall have the meaning given them in the Note or other Loan Documents, and if not defined, then the Uniform Commercial Code in effect in the state in which the Mortgaged Premises is located. All liabilities of Mortgagor to Mortgagee, whether under the Note, any guarantee, any other Loan Document, other obligation or otherwise, now existing or hereafter incurred, matured or unmatured, direct or contingent, joint or several, whether created directly or acquired by assignment or otherwise, and any extensions, modifications or renewals thereof and substitutions therefor; all amounts paid by Mortgagee on behalf

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 4 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Branch :FOL,User :NJFO   Order: 241137ETS   Title Officer:   Comment:   Station Id :G6ZA
Exhibit B   Page 5 of 18

Inst. # 2018055038 - Page 4 of 17

of Mortgagor; all principal, interest, late charges, penalties, fees and all such other sums due or recoverable under the Loan Documents or otherwise are referred to herein as the "Indebtedness."

**2. PROPERTY MORTGAGED.** To secure payment of the Indebtedness and performance of Mortgagor's obligations to Mortgagee under the Loan Documents, Mortgagor mortgages, grants, and conveys to Mortgagee all of the rights and interest which Mortgagor now has or may hereafter acquire with regard to the following property (together the "Property"):

    a.    the Mortgaged Premises;

    b.    all buildings, structures and other improvements at any time located on the Mortgaged Premises and all rights of way, easements and appurtenances;

    c.    all fixtures, machinery, equipment and other articles of real, personal or mixed property now or hereafter attached to, situate or installed in or upon, or used in the operation or maintenance of, the Mortgaged Premises or any plant or business situated thereon, whether or not such real, personal or mixed property is or shall be affixed to the same, and all replacements, substitutions, accretions and proceeds of the foregoing, including all furnishings, furniture, and appliances; machinery and equipment of any kind whatsoever; and all parts, fittings, accessories, accessions, substitutions and replacements thereof;

    d.    all now or hereafter existing leases, licenses, occupancy agreements or agreements to lease all or any part of the Mortgaged Premises and all extensions, renewals, amendments, and modifications thereof, and any options, rights of first refusal, or guarantees relating thereto; all rents, income, receipts, revenues, security deposits, escrow accounts, reserves, issues, profits, and payments of any kind payable under the leases or otherwise arising from the Mortgaged Premises; all contract rights, accounts receivable and general intangibles relating to the Mortgaged Premises or the use, occupancy, maintenance, construction, repair or operation thereof; all management agreements, franchise agreements, utility agreements and deposits, building service contracts, maintenance contracts, construction contracts, architect's agreements, and plans and specifications; all warranties and guaranties; and all permits, licenses and approvals;

    e.    all now or hereafter existing estates, rights, privileges, easements, and appurtenances of any kind benefiting the Mortgaged Premises; all means of access to and from the Mortgaged Premises, whether public or private; all water and mineral rights; and all rights of Mortgagor as declarant under any declaration of condominium or association applicable to the Mortgaged Premises; and

    f.    all "Proceeds" of any of the Property, which shall additionally include whatever is received upon the use, lease, sale, exchange, collection, or other utilization or any disposition of any of the Mortgaged Premises, voluntary or involuntary, whether cash or noncash, including proceeds of insurance, condemnation and litigation awards, rental or lease payments, real estate tax refunds, accounts, chattel paper, instruments, documents, contract rights, general intangibles, equipment and inventory.

**3. SECURITY AGREEMENT.** This Mortgage is also a security agreement pursuant to the Uniform Commercial Code. Mortgagor agrees to execute and deliver to Mortgagee, upon request, any financing statements or other documents as Mortgagee may require to perfect its security interest. Mortgagor irrevocably appoints Mortgagee attorney-in-fact for Mortgagor to execute, deliver and file such

SWC-F-004664-21  08/18/2022 10:36:52 AM  Pg 5 of 17  Trans ID: CHC2022191814
Case 23-10374-CMG  Doc 14-4  Filed 02/21/23  Entered 02/21/23 11:18:27  Desc
Branch :FOL,User :NJFO  Order: 341132FTS  Title Officer:  Comment:  Station Id :G6ZA
Exhibit B  Page 6 of 18

Inst. # 2018055038 - Page 5 of 17

financing statements and other instruments. This Mortgage is effective as a financing statement under the Uniform Commercial Code and may be filed as a "fixture filing."

4. **REPRESENTATIONS, WARRANTIES AND COVENANTS.** The Mortgagor, represents, warrants, covenants and agrees that:

    a.    Title and Right to Mortgage. Mortgagor has good and marketable fee simple absolute title to the Mortgaged Premises subject only to those exceptions to title more particularly described in the title commitment, if any, issued to and accepted by, Mortgagee in connection with this transaction (the "Permitted Encumbrances") and Mortgagor shall defend the validity, priority and enforceability of the lien of this Mortgage against the claims of all persons excepting only those claiming under Permitted Encumbrances. Mortgagor has full power and lawful authority to subject the Mortgaged Premises to the lien of this Mortgage. The execution, delivery and performance of this Mortgage and the other Loan Documents will not contravene any legal requirements or any agreement, document or instrument to which Mortgagor is a party or by which Mortgagor or the Mortgaged Premises is bound. Mortgagor shall make, execute, acknowledge and deliver all such further or other deeds, documents, instruments or assurances and cause to be done all such further acts and things as may at any time be required by Mortgagee to confirm and fully protect the lien and priority of this Mortgage.

    b.    Taxes and Other Charges. Subject to Mortgagor's obligation to make escrow payments under Section 6 hereof, Mortgagor shall pay when due and before interest or penalties commence to accrue thereon, all taxes, assessments, water and sewer rents, condominium or other homeowners association fees, dues or maintenance charges, levies, encumbrances and all other charges or claims of any nature and kind, which may be assessed, levied, imposed, suffered, placed or filed at any time against the Property or any part thereof or which by any present or future law may have priority. If requested by Mortgagee, Mortgagor will immediately deliver to Mortgagee receipts evidencing such payments. If such receipts are not delivered within ten (10) days after such request, then Mortgagee will have the right to procure an official search, the cost of which shall be added to the monies secured by this Mortgage.

    c.    Insurance. Mortgagor will maintain hazard insurance in an amount equal to at least $1,150,000.00 or the replacement value of the Mortgaged Premises, whichever is highest, with a deductible of no greater than $1,000.00 and flood insurance (if the Mortgaged Premises is in an area designated as a flood hazard area by any governmental body) on the Mortgaged Premises, in an amount equal to at least Three Hundred Thousand and 00/100 Dollars ($300,000.00). Mortgagor shall also maintain any other insurance as Mortgagee may require, including title insurance, builder's risk insurance and general public liability insurance. The insurer, agent or broker, amounts of coverage, and forms of all policies must be acceptable to Mortgagee and the amounts set forth herein are subject to adjustment in Mortgagee's discretion. These policies will become the absolute property of Mortgagee on the occurrence of an Event of Default under any of the Loan Documents. Each insurance company concerned is hereby authorized and directed to make payment under such insurance including return of unearned premiums, directly to Mortgagee instead of to Mortgagor and Mortgagee jointly, and Mortgagor appoints Mortgagee, irrevocably, as Mortgagor's attorney-in-fact to endorse any draft therefor or assign any policy to itself or its nominee in the event of foreclosure of this Mortgage or other extinguishment of the debt evidenced by the Note. All policies shall provide that the insurer cannot cancel, refuse to renew or modify without giving at least thirty (30) days' prior notice to Mortgagee and will insure Mortgagee as mortgagee, as to interests in real property and fixtures, and will otherwise name Mortgagee as additional insured, with respect to general public liability insurance, or under a lender's loss payable endorsement, as to interests in personal property (or as otherwise designated by Mortgagee). All insurance proceeds will be payable to Mortgagee. In case of any loss or damage to the Property, the

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 6 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Exhibit B   Page 7 of 18
Branch :FOL,User :NJFO   Order: 341137FTS   Title Officer:   Comment:   Station Id :G6ZA

Inst. # 2018055038 - Page 6 of 17

Mortgagor shall promptly notify the insurance company and Mortgagee. Mortgagee may, in its absolute discretion, use the insurance proceeds received to (i) repair and restore the Mortgaged Premises in accordance with Mortgagee's requirements, or (ii) reduce any amounts outstanding under this Mortgage and/or the Note. If Mortgagee elects to apply such proceeds to restore the Mortgaged Premises and, in Mortgagee's judgment, said proceeds are insufficient to complete the restoration, the Mortgagor shall deposit the amount of such deficiency with Mortgagee. If Mortgagee elects to apply such proceeds to reduce any amounts due under this Mortgage and/or the Note, Mortgagee shall pay to the Mortgagor any money left after paying the entire principal, interest, and any other amounts due under this Mortgage and the Note.

d. Repairs; Inspection. Mortgagor will keep the Mortgaged Premises in good condition and repair and will not damage, destroy, abandon or permit any impairment or deterioration of the Mortgaged Premises. The Mortgagor will allow Mortgagee, its agents or representatives to enter onto and inspect the Mortgaged Premises at reasonable times, except in any emergency when Mortgagee will have the right to enter the Mortgaged Premises at any time. The Mortgagor will make such repairs or replacements as may be reasonably required by Mortgagee and will replace any fixture or appliance or equipment which is destroyed or removed with another of at least equal quality and condition, within thirty (30) days of such destruction or removal. Mortgagor shall not, without the prior written consent of Mortgagee, (i) abandon the Mortgaged Premises or any portion thereof or allow the same to become vacant; (ii) commit or suffer waste with respect to the Mortgaged Premises; (iii) impair or diminish the value or integrity of the Mortgaged Premises or the priority or security of the lien of this Mortgage; (iv) remove, demolish or materially alter any of the Mortgaged Premises except that Mortgagor shall have the right to remove and dispose of, free of the lien of this Mortgage, such fixtures as may, from time to time, become worn out or obsolete, provided that, simultaneously with or prior to such removal, any such fixtures shall be replaced with other fixtures which shall have a value and utility at least equal to that of the replaced fixtures and, by such removal and replacement, Mortgagor shall be deemed to have subjected such replacement fixtures to the lien and priority of this Mortgage; (v) make, install or permit to be made or installed, any additions or improvements to the Mortgaged Premises except in a good and workmanlike manner, free of mechanic's liens, in compliance with legal requirements, and in accordance with plans and specifications approved by Mortgagee; or (vi) make, suffer or permit any nuisance to exist on the Mortgaged Premises or any portion thereof.

e. Compliance with Laws and Regulations. Mortgagor shall comply with all present and future laws, statutes, codes, ordinances, orders, judgments, decrees, injunctions, rules, regulations, restrictions and requirements, and Mortgagor will not permit the Mortgaged Premises to be used for any unlawful purpose. If the Mortgaged Premises is a condominium or part of a planned unit development, Mortgagor will perform all of Mortgagor's obligations under the master deed, declaration covenants or by-laws and regulations creating or governing same, and the documents constituent thereto.

f. Condemnation. In the event of any condemnation or taking of any part of the Mortgaged Premises by any public or quasi-public authority or corporation, all proceeds otherwise allocable to Mortgagor, after deducting therefrom all costs and expenses, including, without limitation, attorneys' fees incurred by Mortgagee in connection with the collection of such proceeds, are assigned and shall be paid to Mortgagee and applied, at Mortgagee's election, (i) toward restoration of the Mortgaged Premises; or (ii) to the Indebtedness. No settlement for damages sustained shall be made by Mortgagor without Mortgagee's prior written approval. Mortgagee shall have the right to prosecute to final determination, or settlement, an appeal or other appropriate proceedings in the name of Mortgagee or Mortgagor, for which Mortgagee will then be appointed as attorney-in-fact for Mortgagor, which appointment, being for security, is irrevocable. Nothing herein shall limit the rights otherwise available

SWC-F-004664-21  08/18/2022 10:36:52 AM  Pg 7 of 17  Trans ID: CHC2022191814
Case 23-10374-CMG  Doc 14-4  Filed 02/21/23  Entered 02/21/23 11:18:27  Desc
Exhibit B  Page 8 of 18
Branch :FOL,User :NJFO  Order: 141137FTS  Title Officer:  Comment:  Station Id :G6ZA

Inst. # 2018055038 - Page 7 of 17

to Mortgagee, at law or in equity, including the right to intervene as a party to any condemnation proceeding.

g. <u>Certification of Amount Due</u>. Upon the request of Mortgagee, Mortgagor will, within five (5) days after such request, certify to Mortgagee in writing: (i) the amount due under this Mortgage and the Note, and (ii) that there are no defenses to its obligations under the Note or any of the other Loan Documents or, if there are defenses, a description of such defenses.

h. <u>No Transfer of Title or Further Encumbrances</u>.
(i) Without the prior written consent of Mortgagee, which may be withheld in Mortgagee's sole and absolute discretion, Mortgagor will not sell, convey, transfer or alter any interest or permit any of the foregoing in all or any part of the Property. Mortgagor will not create, incur, assume or suffer to exist any mortgage, lien, security interest, encumbrance, attachment, levy, distraint or other judicial process of any kind on or with respect to any portion of, or interest in, the Property.

(ii) For purposes subparagraph 4(h)(i), a "transfer" of the Property includes: (A) an installment sales contract, (B) a lease with an option to buy, (C) a lease with a term in excess of three (3) years including renewal terms (other than (A) routine residential apartment leases and (B) with respect to leases of commercial spaces and subject to Mortgagee's approval rights in Section 4(n), stores or offices, if any, in the Premises, individual commercial, office or store leases, provided all such leases are made in the Borrower's ordinary course of business and upon then current market terms and rents and are acceptable to Mortgagee), (D) the creation or imposition of any other lien or encumbrance, (E) any change in the management of the Premises in place at the closing of the Loan and (F) any transfer of beneficial, legal or equitable ownership of any entity holding title to the Mortgaged Premises.

i. <u>Covenants Regarding Financial Statements and Information; Inspection of Books and Records</u>. Mortgagor will provide Mortgagee with any and all information regarding the Mortgagor, the Mortgaged Premises and other Property requested by Mortgagee, including annual financial statements, manually signed copies of federal and state tax returns and certified rent rolls as to the Mortgaged Premises. Mortgagor will permit Mortgagee to inspect and make copies of the Mortgagor's books, records and income tax returns upon reasonable notice.

j. <u>Indemnification</u>. Mortgagor will indemnify, defend and save harmless Mortgagee against and from all liabilities, obligations, damages, penalties, claims, costs, charges and expenses, including, without limitation, reasonable attorneys' fees, which may be imposed upon or incurred by Mortgagee by reason of the Mortgagor's ownership, use or operation of the Mortgaged Premises, including (but not limited to) those arising by reason of any action against Mortgagor or any other party to any of the transactions evidenced by the Loan Documents. This indemnity will apply notwithstanding any negligent or other contributory conduct by or on the part of any third parties and will survive: (i) repayment of the Indebtedness and the full release of this Mortgage; (ii) the extinguishment of Mortgagee's lien by foreclosure or any other action; or (iii) the delivery of a deed in lieu of foreclosure.

k. <u>Payment and Performance</u>. Mortgagor shall (i) pay to Mortgagee all sums required to be paid by Mortgagor under the Loan Documents, in accordance with their stated terms and conditions; (ii) perform and comply with all terms, conditions and covenants set forth in each of the Loan Documents by which Mortgagor is bound; and (iii) perform and comply with all of Mortgagor's obligations and duties as landlord under any leases.

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 8 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Branch :FOL,User :NJFO   Order: 141137FTS   Title Officer: Comment:   Station Id :G6ZA
Exhibit B   Page 9 of 18

Inst. # 2018055038 - Page 8 of 17

l.    Required Notices. Mortgagor shall notify Mortgagee within three (3) days of: (i) receipt of any notice from any governmental or quasi-governmental authority relating to the structure, use or occupancy of the Property or alleging a violation of any legal requirement; (ii) a substantial change in the occupancy or use of all or any part of the Property; (iii) receipt of any notice from the holder of any lien or security interest in all or any part of the Property; (iv) commencement of any litigation affecting or potentially affecting the financial ability of Mortgagor or the value of the Property; (v) a pending or threatened condemnation of all or any part of the Property; (vi) a fire or other casualty causing damage to all or any part of the Property; (vii) receipt of any notice with regard to any Release of Hazardous Materials (as such terms are defined below) or any other environmental matter affecting the Property or Mortgagor's interest therein; (viii) receipt of any request for information, demand letter or notification of potential liability from any entity relating to potential responsibility for investigation or clean-up of Hazardous Substances on the Property or at any other site owned or operated by Mortgagor; (ix) receipt of any notice from any tenant of all or any part of the Property alleging a default, failure to perform or any right to terminate its lease or to set-off rents; or (x) receipt of any notice of the imposition of, or of threatened or actual execution on, any lien on or security interest in all or any part of the Property.

m.    Right to Reappraise. At any point following Mortgagor's default (whether or not such default is subsequently cured), Mortgagee shall have the right to conduct or have conducted by an independent appraiser acceptable to Mortgagee appraisals of the Property in form and substance satisfactory to Mortgagee at the sole cost and expense of Mortgagor; provided, however, that Mortgagor shall not be obligated to bear the expense of such appraisals so long as (i) no Event of Default exists, and (ii) such appraisals are not required by applicable law, rule or regulation of any governmental authority having jurisdiction over Mortgagee. The cost of such appraisals, if chargeable to Mortgagor as aforesaid, shall be added to the Indebtedness and shall be secured by this Mortgage in accordance with the provisions of Section 1 hereof.

n.    Right to Approve Leases.
(i) Mortgagor may not enter into any lease after the date hereof affecting all or any portion of the Mortgaged Premises (a "Lease") without the prior written consent of Mortgagee, which consent may be withheld in Mortgagee's sole and absolute discretion. Any attempted amendment, cancellation, abridgement, current change or other modification of any Lease (which, for purposes of this sentence shall include leases existing as the date hereof) without the prior written consent of Mortgagee shall be null and void. All Leases shall be subject and subordinate in all respects to the Loan, the lien of this Mortgage and Security Agreement and to any and all modifications, renewals, replacements, extensions, assignments, assumptions and consolidations thereof.

(ii) Notwithstanding anything to the contrary contained herein, Mortgagor shall have the right to enter into a Lease with an affiliate of Mortgagor without the prior written consent of Mortgagee, provided (A) said lease is on then current market terms and rents as determined by Mortgagee in its reasonable discretion and (B) Mortgagor has provided Mortgagee with at least ten days prior written notice of Mortgagor's intent to enter into such lease, which notice must contain the basic terms of the proposed lease, including, but not limited to the rent, term, name of tenant and space subject to the proposed lease. The notice to be delivered under this Section 4(n)(ii) is for Mortgagee's informational purposes and not a request for consent. For purposes of this Section 4(n)(ii), an "affiliate" of Mortgagor is any entity which is under common control with Mortgagor.

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 9 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Branch :FOL,User :NJFO           Order: 241137FTS   Title Officer: Comment:           Station Id :G6ZA
Exhibit B    Page 10 of 18

Inst. # 2018055038 - Page 9 of 17

5. **ENVIRONMENTAL COVENANTS.** The Mortgagor further warrants, represents, covenants and agrees that:

   a. Neither Mortgagor nor, to the best of Mortgagor's knowledge, any other person has (i) used, installed or disposed of any Hazardous Materials (hereafter defined) in, on, from, or affecting the Mortgaged Premises except in full compliance with Applicable Environmental Laws (hereafter defined); or (ii) received any notice from any governmental authority with regard to Hazardous Materials in, on, from or affecting the Mortgaged Premises. No portion of the Mortgaged Premises is or has been at any time an "industrial establishment" as defined in the New Jersey Industrial Site Recovery Act ("ISRA"), and Mortgagor does not know or have reason to know of any lien or threatened lien on its personal or real property requiring or obligating Mortgagor to make payment pursuant to the New Jersey Spill Compensation and Control Act ("SCCA"). If the Mortgaged Premises was used as an "industrial establishment," and hazardous substances were handled there, and Mortgagor's transactions constitute a closing, termination of, or transfer of, operations, Mortgagor has provided Mortgagee with an approved remedial action work plan or a negative declaration, obtained at its own expense, and Mortgagor, at its own expense, shall implement the cleanup plan to clean up such contamination.

   b. Mortgagor shall not use the Mortgaged Premises, nor allow it to be used, to generate, manufacture, refine, transport, treat, store, handle, dispose of, transfer, produce or process Hazardous Materials except in full compliance with Applicable Environmental Laws. Mortgagor shall not cause or permit, intentionally or unintentionally, a release of Hazardous Materials in, on, from or affecting the Mortgaged Premises or any other use, installation, or disposition of Hazardous Materials in violation of Applicable Environmental Laws.

   c. If Mortgagor receives any notice from any governmental authority with regard to Hazardous Materials in, on, from or affecting the Mortgaged Premises, or any notice of violation of Applicable Environmental Laws, Mortgagor shall promptly notify Mortgagee. Mortgagor shall conduct and complete all investigations, studies, sampling and testing, and all remedial, removal, and other actions necessary to clean up and remove all Hazardous Materials in, on, from or affecting the Mortgaged Premises in accordance with all Applicable Environmental Laws and to the satisfaction of Mortgagee.

   d. The term "Applicable Environmental Laws" shall mean, without limitation, all legal requirements of any governmental authority pertaining to the preservation or enhancement of the quality of the environment or regulating or restricting the use, transfer, storage or remediation of Hazardous Materials, including the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended (42 U.S.C. Section 9601, et seq.), the Hazardous Materials Transportation Act, as amended (49 U.S.C. Sections 1801, et seq.), the Resource Conservation and Recovery Act, as amended (42 U.S.C. Sections 6901 et seq.), the SCCA, the ISRA and the rules and regulations adopted and publications promulgated pursuant thereto at any time. The term "Hazardous Materials" shall mean, without limitation, any flammable explosives, radioactive materials, hazardous materials, hazardous wastes, hazardous or toxic substances, or related materials, asbestos or any material containing asbestos, or any other substance or material regulated under any Applicable Environmental Laws.

   e. At any time while any Indebtedness is outstanding, upon reasonable suspicion of any environmental condition, violation or problem, Mortgagee may require that the Mortgagor, at the Mortgagor's expense and within thirty (30) days after notice from Mortgagee, promptly cause such tests, inspections and/or procedures to be conducted by a professional engineering firm or others for the purpose of ensuring compliance with all Applicable Environmental Laws and having the Mortgaged Premises certified to Mortgagee as such. Without limitation of Mortgagee's rights, (i) Mortgagee will

SWC-F-004664-21    08/18/2022 10:36:52 AM    Pg 10 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG    Doc 14-4    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Branch :FOL,User :NJFO       Order: 24113711S   Title Officer:   Comment:            Station Id :G6ZA
Exhibit B    Page 11 of 18

Inst. # 2018055038 - Page 10 of 17

retain the right to enter onto the Mortgaged Premises and cause such tests, inspections, and/or procedures to be conducted and having the Mortgaged Premises certified to Mortgagee as such; and (ii) Mortgagee will have the right, but not the obligation, to enter onto the Mortgaged Premises or any other facility operated by Mortgagor or to take such other actions as are necessary or advisable to test, cleanup, remove, resolve, or minimize the impact of, any environmental condition which, in the sole opinion of Mortgagee, could jeopardize or affect Mortgagee's collateral security. All costs and expenses incurred by Mortgagee in the exercise of any such rights will be payable by Mortgagor upon demand and will be secured by this Mortgage and other collateral held by Mortgagee.

  f. The Property is not located within a "freshwater wetlands" or a "transition area", each as defined by N.J.S.A. 13:9B-3, and is not subject to the terms of the New Jersey Freshwater Wetlands Protection Act, as amended, N.J.S.A. 13:9B-1 et seq., or the rules and regulations promulgated thereunder.

  g. Mortgagor shall indemnify, hold harmless, and defend Mortgagee from and against any and all damages, penalties, fines, claims, suits, liabilities, costs, judgments and expenses, including attorneys', consultants' or experts' fees of every kind and nature incurred, suffered by or asserted against Mortgagee as a direct or indirect result of: (i) representations made by Mortgagor in this Section 5 being or becoming untrue in any material respect; (ii) Mortgagor's violation of or failure to meet the requirements of any Environmental Laws; or (iii) Hazardous Materials which, while the Property is subject to this Mortgage, exist on the Property. Mortgagor's obligations with respect to Section 5(g)(iii) shall not apply to Hazardous Materials which existed on the Property prior to the date hereof and for which the Mortgagor has not exacerbated same. Mortgagor's obligations under this Section 5 shall continue, survive and remain in full force and effect notwithstanding foreclosure, satisfaction of this Mortgage or full satisfaction of the Indebtedness.

**6. TAX AND INSURANCE ESCROW.** At Mortgagee's option, Mortgagee may demand and require that Mortgagor make regular monthly payments to Mortgagee in addition to and simultaneously with payments due under the Note equal to 1/12 of the actual or estimated yearly real estate taxes, non-metered water and sewer taxes/charges, assessments, flood insurance premiums (if applicable) and, at Mortgagee's option, fire insurance premiums on the Mortgaged Premises. If permitted by law, such funds retained by Mortgagee will bear no interest and may be commingled with other funds of Mortgagee. The Mortgagor pledges these funds as additional security for the sums secured by this Mortgage. These funds will not be deemed to be trust funds and Mortgagee does not act as the Mortgagor's agent in the payment of taxes, assessments, and insurance premiums, or other charges. Escrowed funds shall be used by Mortgagee to pay the taxes, assessments, and insurance premiums when due. If the amounts held by Mortgagee are insufficient at any time to pay the taxes, assessments, and insurance premiums as they fall due, the Mortgagor will pay to Mortgagee on demand any amount necessary to make up the deficiency. The Mortgagor will not receive any credit on or make any deduction from amounts due under the Note by reason of this deposit with Mortgagee. At closing, Mortgagor shall provide Mortgagee with a municipal lien certificate indicating that no monies are due in connection with the Property and no unpaid reserves or escrow amounts remain owed.

**7. PROTECTION OF MORTGAGEE'S SECURITY.** If Mortgagor fails to pay any lien or charge against the Mortgaged Premises when due, or otherwise fails to perform any covenant or agreement in the Loan Documents, or upon any event which jeopardizes the value of the Mortgaged Premises, then Mortgagee, at its option and sole discretion, may disburse such sums, and take such actions as necessary to protect its interest, including, but not limited to, defending any action or proceeding, disbursing reasonable attorneys' fees and entering upon the Mortgaged Premises to make repairs without becoming

SWC-F-004664-21    08/18/2022 10:36:52 AM    Pg 11 of 17    Trans ID: CHC2022191814
Case 23-10374-CMG    Doc 14-4    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Branch :FOL,User :NJFO        Order: 241137FTS    Title Officer:    Comment:        Station Id :G6ZA
Exhibit B    Page 12 of 18

Inst. # 2018055038 - Page 11 of 17

liable to Mortgagor or any other person. Any amount disbursed by Mortgagee will be added to the principal of the Note, accrue interest from the date of disbursement at a rate of three (3%) percent in excess of the rate specified in the Note and be secured by this Mortgage. Upon demand, the Mortgagor will repay these amounts, together with interest, to Mortgagee.

**8. EVENTS OF DEFAULT.** An event of default will occur under this Mortgage upon each of the following events (each, an "Event of Default"):

    a.    any default or "Event of Default" under any Loan Document;

    b.    failure of Mortgagor to pay any sum required to be paid under this Mortgage or the Note or under any Loan Document as and when due;

    c.    nonperformance of, or noncompliance with, any of the agreements, covenants, conditions, warranties, representations or other provisions contained in this Mortgage or any other Loan Document, including without limitation Mortgagor's representation that the Mortgaged Premises is an investment property; or

    d.    a default under any other obligation secured by the Property or any part thereof.

**9. REMEDIES.** Upon the occurrence of an Event of Default, and at all times thereafter, Mortgagee shall have the right to enforce its rights under this Mortgage and the other Loan Documents by exercising such remedies as are available to Mortgagee under applicable law, either by suit in equity or action at law, or both, whether for specific performance of any provision contained in this Mortgage or any of the other Loan Documents or in aid of the exercise of any power granted in this Mortgage or the other Loan Documents. Without limitation, Mortgagee may exercise any or all of the following rights and remedies:

    a.    Mortgagee shall have the right to obtain judgment for the Indebtedness (including all amounts advanced or to be advanced by Mortgagee, all costs and expenses of collection and suit, including any bankruptcy or insolvency proceeding affecting Mortgagor, and reasonable attorneys' fees incurred in connection with any of the foregoing) together with interest on such judgment at the highest rate set forth in the Note until indefeasible payment in full is received by Mortgagee.

    b.    Mortgagee shall have the right to institute an action of mortgage foreclosure against the Mortgaged Premises or take such other action for realization on the security provided herein as applicable law or the provisions of the Loan Documents may allow. Mortgagee's remedies under the Mortgage shall be in addition to any enforcement remedies Mortgagee may pursue under Pennsylvania law with respect to the Note evidencing the indebtedness secured by said Mortgage, which remedies include confessing judgment against Mortgagor, as set forth in the Note.

    c.    Mortgagee may, at any time without notice, either in person, by agent or by a receiver appointed by a court, and without regard to the adequacy of any security for the Indebtedness, enter upon the Mortgaged Premises and, with or without taking possession of the Mortgaged Premises, and with or without legal action, collect all income (which term shall also include amounts determined by Mortgagee as fair rental value for use and occupation of the Mortgaged Property by any person, including Mortgagor) and, after deducting all costs of collection and administration expense including attorneys' fees and reasonable reserves, apply the net income to any of the Indebtedness in such order and amounts as Mortgagee in its sole discretion may determine. Mortgagee shall not be accountable for more monies than it actually receives from the Mortgaged Premises nor shall it be liable for failure to collect the

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 12 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Branch :FOL,User :NJFO         Order: 24j1a7f1s   Title Officer:   Comment:         Station Id :G6ZA
Exhibit B   Page 13 of 18

Inst. # 2018055038 - Page 12 of 17

income therefrom. Mortgagee shall have the right to determine the method of collection and the extent to which enforcement of collection of income shall be prosecuted and Mortgagee's judgment shall be deemed conclusive and reasonable.

    d.    Mortgagee may, with or without legal action, take possession and control of the Mortgaged Premises to the exclusion of Mortgagor and all others excepting only those claiming under Permitted Encumbrances. Mortgagee shall have the authority while so in possession to insure (at Mortgagor's expense) against all risks by reason of having taken such possession and Mortgagor will transfer and deliver to the Mortgagee all policies of insurance upon the Mortgaged Premises not theretofore transferred and delivered to Mortgagee.

    e.    Mortgagee shall have the right to take possession of any portion of the Property constituting fixtures or other personal property subject to the Uniform Commercial Code and any records pertaining thereto. Mortgagee shall have the right to use, operate, manage, lease or otherwise control the Property in any lawful manner and, in its sole discretion, but without any obligation to do so, insure, maintain, repair, renovate, alter or remove the Property; use, in connection with any assembly, use or disposition of the Property, any trade mark, trade name, trade style, copyright, brand, patent right or technical process used or utilized by Mortgagor; sell or otherwise dispose of all or any of the Property at any public or private sale at any time or times without advertisement or demand upon or notice to Mortgagor, all of which are expressly waived to the extent permitted by law, with the right of Mortgagee or its nominee to become purchaser at any sale (unless prohibited by statute) free from any equity of redemption and from all other claims, and after deducting all legal and other expenses for maintaining or selling the Property, and all attorneys' fees, legal or other expenses for collection, sale and delivery, apply the remaining proceeds of any sale to pay (or hold as a reserve against) the Indebtedness and exercise all rights and remedies of a secured party under the Uniform Commercial Code or any other applicable law.

    f.    Mortgagee, without notice, shall have the right to obtain the appointment of a receiver for the Mortgaged Premises and other Property (which appointment is consented to by Mortgagor) without regard to the adequacy of any security for the Indebtedness or the insolvency of Mortgagor.

**10. REMEDIES CUMULATIVE.** All of Mortgagee's remedies hereunder are distinct and cumulative and may be exercised concurrently, independently, or successively and will be in addition to every other right and remedy provided by law. If any Indebtedness secured by this Mortgage is now or hereafter secured by any other collateral, Mortgagee may, at its option, exhaust all or any part of such collateral and the security hereunder, either concurrently or independently, and in such order as it may determine. Mortgagee may, at any time, without notice or consent, and without affecting any of its rights or the liability of Mortgagor or any other party to the transactions evidenced by the Note and this Mortgage: (a) release any person liable for payment of all or any part of such Indebtedness or for performance of any obligation; (b) exercise or refrain from exercising or waive any right Mortgagee may have; (c) accept additional security of any kind; and (d) release or otherwise deal with any property, real or personal, securing the Indebtedness. Any forbearance or action by Mortgagee in exercising any right or remedy under this Mortgage, the Note, or otherwise afforded by applicable law, will not be a waiver, or preclude the exercise, of any such right or remedy by Mortgagee.

**11. ASSIGNMENT OF LEASES.**

    a.    Mortgagor hereby absolutely, presently and unconditionally conveys, transfers and assigns to Mortgagee all of Mortgagor's right, title and interest, now existing or hereafter arising, in and to any

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 13 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Exhibit B   Page 14 of 18
Branch :FOL,User :NJFO   Order: 34113715   Title Officer:   Comment:   Station Id :G6ZA

Inst. # 2018055038 - Page 13 of 17

leases (the "Leases") and rents. Notwithstanding that this assignment is effective immediately, so long as no Event of Default exists, Mortgagor shall have the privilege under a revocable license granted hereby to operate and manage the Property and to collect, as they become due, but not prior to accrual, the rents. Mortgagor shall receive and hold such rents in trust as a fund to be applied, and Mortgagor hereby covenants and agrees that such rents shall be so applied, first to the operation, maintenance and repair of the Property and the payment of interest, principal and other sums becoming due under the Indebtedness, before retaining and/or disbursing any part of the rents for any other purpose. The license herein granted to Mortgagor shall automatically, without notice or any other action by Mortgagee, terminate upon the occurrence of an Event of Default, and all rents subsequently collected or received by Mortgagor shall be held in trust by Mortgagor for the sole and exclusive benefit of Mortgagee. Nothing contained in this Section 11, and no collection by Mortgagee of rents, shall be construed as imposing on Mortgagee any of the obligations of the lessor under the Leases.

    b.    Mortgagor shall timely perform all of its obligations under the Leases. Mortgagor represents and warrants that: (i) Mortgagor has title to and full right to assign presently, absolutely and unconditionally the Leases and rents; (ii) no other assignment of any interest in any of the Leases or rents has been made; (iii) there are no leases or agreements to lease all or any portion of the Property now in effect except the Leases, true and complete copies of which have been furnished to Mortgagee, and no written or oral modifications have been made thereto; (iv) there is no existing default by Mortgagor or by any tenant under any of the Leases, nor has any event occurred which due to the passage of time, the giving or failure to give notice, or both, would constitute a default under any of the Leases and, to the best of Mortgagor's knowledge, no tenant has any defenses, set-offs or counterclaims against Mortgagor; (v) the Leases are in full force and effect; and (vi) Mortgagor has not accepted rent under any Lease more than thirty (30) days in advance of its accrual, and payment thereof has not otherwise been forgiven, discounted or compromised.

    c.    Mortgagor shall not, without the prior written consent of Mortgagee, collect or accept rent from any tenant of the Property for a period of more than one month in advance. The foregoing act, if done without the prior written consent of Mortgagee, shall be null and void. Notwithstanding anything to the contrary contained herein, there are currently no leases in place for the Mortgaged Premises, however Mortgagor reserves the right to enter into a lease in the future pursuant to the terms set forth herein.

**12. NOTICES.** All notices and communications under this Mortgage shall be in writing and shall be given by either (a) hand-delivery, (b) first class mail (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid) to the addresses listed in this Mortgage. Notice shall be deemed to have been given and received: (i) if by hand delivery, upon delivery; (ii) if by mail, three (3) calendar days after the date first deposited in the United States mail; and (iii) if by overnight courier, on the date scheduled for delivery. A party may change its address by giving written notice to the other party as specified herein.

**13. RENEWALS AND EXTENSIONS.** Any renewal or extension, modification or amendment of the Note will not operate to release, in any manner, the liability of Mortgagor or any other party liable for the Indebtedness and their respective successors in interest. All such modifications are subject to the protections afforded to modifications in N.J.S.A. 46:9-8.1.

**14. GOVERNING LAW.** This Mortgage will be governed by, and construed in accordance with, the laws of the State of New Jersey, without regard to such state's conflict of laws principles. The Mortgagor

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 14 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Exhibit B   Page 15 of 18
Branch :FOL,User :NJFO                Order: 34J137F1S   Title Officer:   Comment:                Station Id :G6ZA

Inst. # 2018055038 - Page 14 of 17

acknowledges that the Loan secured by said Mortgage is subject to Pennsylvania law and that the Loan Documents evidencing the Loan were executed in Pennsylvania.

**15. WAIVER OF JURY TRIAL.** MORTGAGOR AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY MORTGAGEE OR MORTGAGOR ON OR WITH RESPECT TO THIS MORTGAGE OR ANY OTHER LOAN DOCUMENT OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. MORTGAGOR HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND INTELLIGENTLY, AND WITH THE ADVICE OF ITS COUNSEL, WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. FURTHER, MORTGAGOR WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. MORTGAGOR ACKNOWLEDGES AND AGREES THAT THIS SECTION IS A SPECIFIC AND MATERIAL ASPECT OF THIS AGREEMENT AND THAT MORTGAGEE WOULD NOT EXTEND CREDIT TO MORTGAGOR IF THE WAIVERS SET FORTH IN THIS SECTION WERE NOT A PART OF THIS MORTGAGE.

**16. RECEIPT OF COPY.** The Mortgagor acknowledges receipt of a true copy of this Mortgage without charge.

**17. NO ORAL CHANGE.** This Mortgage may only be modified or amended by an agreement in writing signed by the Mortgagor and Mortgagee, and may only be released, discharged or satisfied of record by an agreement in writing signed by Mortgagee.

**18. JOINT AND SEVERAL LIABILITY.** Mortgagor, if more than one, are jointly and severally liable, and the term "Mortgagor" means each of the parties executing this Mortgage.

**19. PARTIAL INVALIDITY.** The invalidity or unenforceability of any one or more provisions of this Mortgage shall not render any other provision invalid or unenforceable. In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

**20. BINDING EFFECT.** The covenants, conditions, waivers, releases and agreements contained in this Mortgage shall bind, and the benefits thereof shall inure to, the Mortgagor and Mortgagee and their respective heirs, executors, administrators, successors and permitted assigns and are intended and shall be held to be real covenants running with the land; provided, however, that this Mortgage cannot be assigned by Mortgagor without the prior written consent of Mortgagee, and any such assignment or attempted assignment by Mortgagor shall be void and of no effect with respect to Mortgagee.

**21. NON-MERGER.** In the event Mortgagee shall acquire title to the Property by conveyance from Mortgagor or as a result of foreclosure, this Mortgage shall not merge in the fee estate of the Property but shall remain and continue as an existing and enforceable lien for the Indebtedness secured hereby until the same shall be released of record by Mortgagee in writing.

**22. SATISFACTION.** Upon the repayment in full of the Indebtedness, Mortgagee will, at the request of Mortgagor, deliver to Mortgagor a satisfaction of mortgage (the "Satisfaction"). The Satisfaction will be delivered at no expense to Mortgagor, other than the reasonable legal expenses of Mortgagee for the

SWC-F-004664-21   08/18/2022 10:36:52 AM   Pg 15 of 17   Trans ID: CHC2022191814
Case 23-10374-CMG   Doc 14-4   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Branch :FOL,User :NJFO       Order: 341137F1S   Title Officer:   Comment:       Station Id :G6ZA
Exhibit B    Page 16 of 18

Inst. # 2018055038 - Page 15 of 17

preparation of the Satisfaction and costs of recording, which shall be paid to Mortgagee prior to the preparation and delivery of such Satisfaction.

**23. COMMERCIAL LOAN.** Mortgagor represents and warrants that the loan or other financial accommodations included as Indebtedness secured by this Mortgage were obtained solely for the purpose of carrying on or acquiring a business or commercial investment and not for residential, consumer or household purposes. Mortgagor warrants and represents that this Mortgage is exempt from and not subject to provisions of Truth In Lending Act, or any applicable state statute or regulation governing and applicable to mortgages encumbering consumers' residential property.

**IN WITNESS WHEREOF, MORTGAGOR, INTENDING TO BE LEGALLY BOUND, HAS EXECUTED THIS MORTGAGE AS OF THE DAY AND YEAR FIRST ABOVE WRITTEN.**

ATTEST OR WITNESSED BY:                MORTGAGOR:

_____              _____
Witness                                Chamberlain S. Peterside

_____              _____
Witness                                Karine G. Peterside

SWC-F-004664-21  08/18/2022 10:36:52 AM  Pg 16 of 17  Trans ID: CHC2022191814
Case 23-10374-CMG  Doc 14-4  Filed 02/21/23  Entered 02/21/23 11:18:27  Desc
Exhibit B  Page 17 of 18
Branch :FOL,User :NJFO    Order: 34113711S  Title Officer:  Comment:    Station Id :G6ZA

Inst. # 2018055038 - Page 16 of 17

State of __PA__:
County of __Montgomery__

On April __25__, 2018, the above named Chamberlain S. Peterside personally appeared before me and acknowledges that he executed the documents above, and that such execution was of his free act and will.

Witness my hand and official seal.
My commission expires: __11/1/2021__    Seal: _[signature]_

Commonwealth of Pennsylvania - Notary Seal
MELISSA A. HARING, Notary Public
Montgomery County
My Commission Expires November 1, 2021
Commission Number 1057725

State of __PA__:
County of __Montgomery__

On April __25__, 2018, the above named Karine G. Peterside personally appeared before me and acknowledges that he executed the documents above, and that such execution was of his free act and will.

Witness my hand and official seal.
My commission expires: __11/1/2021__    Seal: _[signature]_

Commonwealth of Pennsylvania - Notary Seal
MELISSA A. HARING, Notary Public
Montgomery County
My Commission Expires November 1, 2021
Commission Number 1057725

SWC-F-004664-21  08/18/2022 10:36:52 AM  Pg 17 of 17  Trans ID: CHC2022191814
Case 23-10374-CMG  Doc 14-4  Filed 02/21/23  Entered 02/21/23 11:18:27  Desc
Exhibit B  Page 18 of 18
Branch :FOL,User :NJFO          Order: 241137TS   Title Officer:   Comment:          Station Id :G6ZA

Inst. # 2018055038 - Page 17 of 17

# EXHIBIT A

All that (those) certain lot(s), tract(s) or parcel(s) of land, with the buildings and improvements thereon erected, situate, lying and being in Millstone Township, County of Monmouth and State of New Jersey and is bounded and described as follows:

BEING known and designated as Lot 26.16 in Block 37.03 as shown on a certain map entitled, Final Plat for Block 37 Lot 26 Section 3, situated in the Millstone Township, Monmouth County, New Jersey, which map was filed in the office of the Clerk of Monmouth County on 09/07/1995 as Filed Map No. 255-19.

BEING further described as follows:

Beginning at a point on the southeasterly R.O.W. line of Mountainview Court (50 foot R.O.W ), said point being a distance of 1272.37 feet from its intersection with the southwesterly R.O.W. line of Cottrell Drive (50 foot R.O.W.), as both extended and running; thence

1. South 33 degrees, 02 minutes, 12 seconds East, a distance of 242.05 feet to a point; thence

2. South 36 degrees, 10 minutes, 17 seconds West, a distance of 302.93 feet to a point; thence

3. North 33 degrees, 33 minutes, 49 seconds West, a distance of 290.93 feet to a point marked by a monument found; thence

4. North 39 degrees, 15 minutes, 41 seconds East, a distance of 138.86 feet to a point on curve; thence

5. Along a curve to the left having a radius of 60.00 feet and an arc length of 150.93 feet to a point of reverse curvature; thence

6. Along a curve to the right having a radius of 25.00 feet and an arc length of 32.29 feet to a point of reverse curvature:

7. Along a curve to the left having a radius of 390.00 feet and an arc length of 4.73 feet to the Point of Beginning.

FOR INFORMATION ONLY:

County: Monmouth, Municipality: Millstone Township

Tax Block: 37.03, Tax Lot: 26.16

Address: 14 Mountainview Court, Clarksburg, NJ 08510.

The above Tax Lot and Block designation and the street address designation is for informational purposes only and is not to be construed as part of the legal description.