# **<u>EXHIBIT C</u>**

Branch :FOL,User :NJFO  Order: 141137FTS Title Officer: Comment:

Case 23-10374-CMG    Doc 14-5    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Exhibit C    Page 2 of 13

Station Id :G6ZA

I certify this to be a true copy

An Attorney-at-Law of New Jersey
Mark A. Roney

Inst. # 2018055039 - Page 1 of 12



## Monmouth County Document Summary Sheet

| | | | |
|---|---|---|---|
| | Transaction Identification Number | 3406770 | 2893115 |
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | Recorded Document to be Returned by Submitter to:<br>COMMONWEALTH AGENCY, INC<br>1 WEST FIRST AVE.<br>SUITE 400<br>CONSHOHOCKEN, PA 19428 | | |

| Official Use Only | Submission Date (mm/dd/yyyy) | 05/30/2018 |
|---|---|---|
| | No. of Pages (excluding Summary Sheet) | 10 |
| | Recording Fee (excluding transfer tax)<br>(Convenience Fee of $2.00 included) | $132.00 |

```
CHRISTINE GIORDANO HANLON
      COUNTY CLERK
   MONMOUTH COUNTY, NJ

    INSTRUMENT NUMBER
       2018055039
       RECORDED ON
       Jun 05, 2018
        8:39:15 AM
BOOK:OR-9290 PAGE:7396
     Total Pages: 12

COUNTY RECORDING FEES   $130.00
EFILE CONVENIENCE FEE     $2.00
TOTAL PAID              $132.00
```

| Realty Transfer Tax | $0.00 |
|---|---|
| Total Amount | $132.00 |
| Document Type | MORTGAGE ASSIGNMENT OF LEASES & RENTS |
| Electronic Recordation Level | L2 - Level 2 (With Images) |

**Municipal Codes**
MILLSTONE     3305

**Bar Code(s)**


905023

**Additional Information (Official Use Only)**

*DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

73951F7E-3EE5-AB56-9018-2BFA62C8AAF7/3406770 2893115                                                      Page 1 of 2

Branch :FOL,User :NJFO  
Case 23-10374-CMG   Doc 14-5   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc  
Order: 341137FTS   Title Officer:   Comment:   Station Id :G6ZA  
Exhibit C   Page 3 of 13

Inst. # 2018055039 - Page 2 of 12

## Monmouth County Document Summary Sheet

| | Type | MORTGAGE ASSIGNMENT OF LEASES & RENTS | | | |
|---|---|---|---|---|---|
| | Consideration | | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| | Document Date | 05/30/2018 | | | |
| | Reference Info | | | | |
| | | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
| MORTGAGE ASSIGNMENT OF LEASES & RENTS | | | 000 | 000 | TBD | |
| | MORTGAGOR | Name | | Address | |
| | | CHAMBERLAIN S PETERSIDE | | | |
| | | KARINE G PETERSIDE | | | |
| | ASSIGNEE | Name | | Address | |
| | | US ASSET FUNDING LP | | | |
| | Parcel Info | | | | |
| | Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | | |

*DO NOT REMOVE THIS PAGE.*  
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.*  
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

73951F7E-3EE5-AB56-9018-2BFA62C8AAF7/3406770 2893115                                Page 2 of 2

Branch :FOL,User :NJFO
Case 23-10374-CMG   Doc 14-5   Filed 02/21/23   Entered 02/21/23 11:18:27   Desc
Order: 341137FTS  Title Officer:   Comment:                                    Station Id :G6ZA
Exhibit C    Page 4 of 13

Inst. # 2018055039 - Page 3 of 12

# COLLATERAL ASSIGNMENT OF LEASES AND RENTS

Definitions

The terms used below shall have the meanings there indicated. All capitalized terms used herein and not otherwise defined herein shall have the meanings as set forth in the Mortgage.

| | |
|---|---|
| Date: | This 25th day of April, 2018 |
| Lender: | US ASSET FUNDING, LP, a Pennsylvania Limited Partnership, having a principal address of 347 Eagle Road, Newtown, PA 18940 |
| Borrower: | Chamberlain S. Peterside and Karine G. Peterside, husband and wife, jointly and severally, collectively be referred to as the "Borrower" |
| Loan Amount: | $250,000.00 |
| Mortgaged Property: | The Mortgaged Property as defined in the Mortgage and Security Agreement by Borrower to the Lender of even date and recorded herewith (the "Mortgage") covering property located at **14 Mountainview Court, Millstone NJ 08510** as more particularly described in the Mortgage securing the Loan Amount. |
| Improvements: | (a) Together with all appurtenances thereof and interests therein now or hereafter owned by Borrower, including Borrower's rights in all fixtures now or hereafter attached to, located on or used in connection with the Improvements, and all leases, occupancy agreements, and rents and profits thereof; |
| | (b) All materials intended for construction, reconstruction, alteration or repair of the Improvements; |
| | (c) All Borrower's goods, equipment, inventory and articles of personal property now or hereafter attached to, located on or used in connection with the Improvements, including without limitation, furniture, furnishings, appliances, partitions, screens, window treatments, floor coverings, hall and lobby equipment and cleaning and maintenance equipment and supplies; |
| | (d) All replacements of and additions to all of the property described above as the "Premises"; |
| | (e) The proceeds of any insurance for damage to the property described above as the "Premises"; and |
| | (f) The proceeds of all judgments, awards of damages and settlements for, or in lieu of, the taking by eminent domain of any part of the property described above as comprising the "Premises". |

*Collateral Assignment of Leases and Rents*                                                                 1

| Assigned Leases: | All of Borrower's right, title and interest in and to and all leases or occupancy agreements of whatever name or description and all extensions and renewals thereof heretofore or hereafter entered into with respect to the Mortgaged Property or any part thereof. |
|---|---|
| Assigned Rents: | All of Borrower's right, title and interest in and to the rents, issues and profits from the Assigned Leases, collected or to be collected, arising or issuing out of the Mortgaged Property or any part thereof and all other rents, issues, and profits from the Mortgaged Property. |
| Exhibit A: | The leases, if any, which Borrower warrants are in effect on the date hereof. |

1.  Assignment and Grant of Security Interest

Borrower, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby grants, transfers and assigns to Lender all of Borrower's right, title and interest in and to the Assigned Leases and the Assigned Rents, it being intended that this is a present assignment and not a conditional assignment to secure all of Borrower's obligations to Lender, now existing or hereafter arising, including, but not limited to, Borrower's obligations to Lender under the Loan Documents (any capitalized terms not defined herein shall be defined as provided in the Note of even date herewith). Upon payment in full of all amounts due under the Loan Documents, this Assignment shall be void and of no effect.

2.  Borrower's Agreements and Warranties

Borrower warrants and agrees:

(a) that Borrower is the sole owner of the entire landlord's interest in the Assigned Leases and the Assigned Rents and that Borrower has not sold, assigned, mortgaged or pledged the Assigned Leases or Assigned Rents;

(b) that, to the best of Borrower's knowledge, the Assigned Leases are valid and enforceable and have not been amended in any manner whatsoever except as herein set forth;

(c) that, to the best of Borrower's knowledge, the tenants of the Assigned Leases are not in default under any of the provisions thereof;

(d) that no rent reserved in the Assigned Leases has been assigned or anticipated and that no rent for any period subsequent to the date of this Assignment has been collected in advance of the time when the same became due under the Assigned Leases;

(e) to observe and perform all the obligations imposed upon the landlord under the Assigned Leases and not to do or permit to be done anything to impair the enforceability of the Assigned Leases;

(f) not to collect any of the Assigned Rents in advance of the time when the same shall become due (other than any security deposits);

(g) not to subordinate the Assigned Leases to any mortgage or other encumbrance or permit or agree to such subordination without Lender's prior written consent;

*Collateral Assignment of Leases and Rents*                                                         2

(h)    not to amend the Assigned Leases or give any consent or exercise any option required or permitted by the Assigned Leases without Lender's prior written consent;

(i)    not to terminate the Assigned Leases nor accept a surrender thereof nor convey or transfer any interest therein or in the Mortgaged Property so as to effect directly or indirectly, proximately or remotely, a merger of the estates and rights of, or a termination or diminution of the obligations of, the landlords and tenants thereunder;

(j)    not to convey, transfer, or assign the Assigned Leases or any interest therein without Lender's prior written consent which consent shall not be unreasonably withheld, conditioned or delayed;

(k)    not to allow, permit, or suffer any subletting under any of the Assigned Leases without Lender's prior written consent;

(l)    not to amend the terms of any guaranty of the Assigned Leases nor terminate any guaranty of the Assigned Leases without the prior written consent of Lender;

(m)    to assign and transfer to Lender any and all subsequent leases, rents, issues and profits of all or any part of the Mortgaged Property and to execute and deliver at the request of Lender all such further assurances and assignments as Lender shall from time to time require;

(n)    to enforce all provisions of the Assigned Leases and cause the tenants thereof to comply with said provisions; and

(o)    Borrower shall not permit or suffer any occupant of the Mortgaged Property to use all or any part thereof for the use, generation, treatment, storage, or disposal of Hazardous Materials without the prior written consent of Lender, and then only to the extent that the Hazardous Materials are licensed and approved in accordance with all applicable laws and regulations and are in compliance with the terms of Lender's written approval.

At the option of Lender, all future leases of the Mortgaged Property shall require tenants to:

(p)    provide Borrower and Lender with copies of all notices, including, without limitation, all notices of violations and notices of responsibility or demand for action received from any federal, state or local authority or official in connection with Hazardous Materials in or on the leased premises or Mortgaged Property; and

(q)    indemnify and hold Borrower and Lender and their heirs, successors and assigns harmless from and against all loss, cost, liability, damage, and expense including attorneys' fees and the costs of litigation, arising from any Hazardous Materials in or on the leased premises or Mortgaged Property due to any act or omission of tenant.

3.    Revocable License to Collect Rents

So long as no Event of Default exists under the Loan Documents, or in the performance of any obligations contained in the Assigned Leases, Borrower shall have a revocable license to collect the Assigned Rents.

*Collateral Assignment of Leases and Rents*      3

Branch :FOL,User :NJFO
Case 23-10374-CMG    Doc 14-5    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Order: 141137FTS    Title Officer:    Comment:    Station Id :G6ZA
Exhibit C    Page 7 of 13

Inst. # 2018055039 - Page 6 of 12

4. <u>Default by Borrower</u>

The occurrence of any one or more of the following events shall constitute an "Event of Default":

(a) default by Borrower under any of the provisions of this Assignment, which default continues for more than five (5) days; or

(b) an Event of Default under any other Loan Document, including but not limited to a default under any other loan with the Lender, in which the Borrower or Guarantor is a part of this transaction; provided, however, that an Event of Default under any other Loan Document shall be an Event of Default hereunder without regard to the 5 day grace period set forth in Section 4 (a), if the said cross default has not been cured timely under the respective Loan Document in which it suffered.

5. <u>Lender's Remedies</u>

On the occurrence of an Event of Default, Lender may at any time thereafter exercise any or all of the following remedies without notice and without regard to the adequacy of the security for the obligations secured hereby:

(a) either in person or by agent, have a receiver appointed by a court;

(b) revoke Borrower's license to collect the Assigned Rents and in its own name, demand, sue for, or otherwise collect and receive all Assigned Rents, including those past due and unpaid, without taking possession of the Mortgaged Property, any statute, law, custom, or use to the contrary notwithstanding, and apply the Assigned Rents to the payment of the indebtedness secured hereby and by the Note, Mortgage and other Loan Documents, together with all costs and attorneys' fees, and return the balance, if any, to Borrower;

(c) either in person or by agent, with or without bringing any action or proceeding, take possession of the Mortgaged Property, and have, hold, manage, lease and operate the same for such period of time and on such terms as Lender in its sole discretion may deem appropriate;

(d) make from time to time all alterations, renovations, repairs, or replacements to the Mortgaged Property as may seem proper to Lender;

(e) terminate any or all of the Assigned Leases and relet the Mortgaged Property on such terms and conditions as Lender deems appropriate except as such Assigned Leases are affected by executed Subordination, Non-Disturbance and Attornment Agreements executed with Lender;

(f) assign, mortgage or pledge the Assigned Leases and assigned Rents;

(g) apply the Assigned Rents to the payment of: (i) all expenses of managing the Mortgaged Property, including, the salaries of a managing agent and such other employees as Lender may deem necessary or desirable, (ii) all expenses of operating and maintaining the Mortgaged Property, including, all taxes, charges, claims, assessments, water rents, sewer rents and any other liens, and premiums for all insurance which Lender may deem necessary or desirable, and (iii) the cost of all alterations, renovations, repairs or replacements, and all expenses incident to taking and retaining possession of the

Case 23-10374-CMG    Doc 14-5    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Exhibit C    Page 8 of 13
Branch :FOL,User :NJFO    Order: 141137FTS    Title Officer:    Comment:    Station Id :G6ZA

Inst. # 2018055039 - Page 7 of 12

Mortgaged Property and reletting the same including broker's fees; and (iv) the indebtedness secured hereby and by the Note, Mortgage and other Loan Documents, together with all costs and attorneys' fees, in such order of priority as Lender in its sole discretion may determine, any statute, law, custom or use to the contrary notwithstanding.

Lender may exercise any or all of its remedies hereunder prior to, simultaneously with, or subsequent to the exercise of any rights under the other Loan Documents.

6. No Liability of Lender

Borrower agrees that:

(a) Lender shall not be liable for any loss sustained by Borrower from Lender's failure to let the Mortgaged Property after default or from any other act or omission of Lender in managing the Mortgaged Property after default unless such loss is caused by the willful misconduct and bad faith of Lender;

(b) Lender shall not be liable for any waste committed on the Mortgaged Property by the tenants or any other parties, or for any dangerous or defective condition of the Mortgaged Property or for any damage to property or injury or death to any person resulting from the management, upkeep, repair or control of said Mortgaged Property unless such loss is caused by the willful misconduct or gross negligence of Lender; and

(c) Prior to Lender actually entering and taking possession of the Mortgaged Property, this Assignment shall not place responsibility for the control, care, management or repair of the property upon Lender nor obligate Lender to comply with any of the provisions of the Assigned Leases.

7. Indemnification

Borrower shall indemnify Lender against and hold Lender harmless from, any and all liability, loss, cost, damage or expense, including reasonable attorney's fees, which may be incurred under the Assigned Leases or under or by reason of this Assignment and from any and all claims and demands whatsoever which may be asserted against Lender by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Assigned Leases and Borrower shall reimburse Lender therefore immediately upon demand and upon the failure of Borrower so to do Lender may, at its option, declare all sums secured hereby and by the Note, Mortgage and other Loan Documents immediately due and payable.

8. Rent Payments to Lender

Borrower directs the tenants named in the Assigned Leases, upon receipt from Lender of written notice that a default exists, to pay to Lender all Assigned Rents and to continue to do so until otherwise notified by Lender. No person making a payment to Lender shall have any obligation to inquire into the actual existence of an Event of Default claimed by Lender or to the application of the Assigned Rents. The certificate, letter, or statement of any officer, agent or attorney of Lender that any part of the indebtedness remains unpaid shall be conclusive evidence of the validity, effectiveness and containing force of this Assignment and any person may rely thereon.

*Collateral Assignment of Leases and Rents*    5

Branch :FOL,User :NJFO    Case 23-10374-CMG    Doc 14-5    Filed 02/21/23    Entered 02/21/23 11:18:27    Desc
Order: 34113?FTS  Title Officer:  Comment:    Station Id :G6ZA
Exhibit C    Page 9 of 13

Inst. # 2018055039 - Page 8 of 12

9. <u>Other Security</u>

Lender may take or release other security for the performance of the obligations of Borrower under the Note, Mortgage and the other Loan Documents, may release any party primarily or secondarily liable therefore, and may apply any other security held by it to the satisfaction thereof without prejudice to any of its rights under this Assignment.

10. <u>Lender's Rights of Assignment; Rights of Assignees</u>

Lender may assign to any subsequent holder of the Note or Mortgage, or to any person acquiring title to the Mortgaged Property, all of the Lender's right, title and interest in any Assigned Leases and Assigned Rents. No assignee shall have any liability for any obligation which accrued under the Assigned Leases prior to the assignment to said assignee nor shall such assignee have any obligation to account to Borrower for any Assigned Rents which accrued prior to such assignment. After Borrower's right, title and interest in the Mortgaged Property has been foreclosed or otherwise terminated, no assignee of Borrower's interest in the Assigned Leases and Assigned Rents shall be liable to account to Borrower for any rents, issues or profits thereafter accruing.

11. <u>No Waiver By Lender</u>

Nothing contained in this Assignment and no act done or omitted by Lender pursuant to this Assignment nor the collection of any Assigned Rents shall be deemed to be a waiver by Lender of its rights and remedies under the Note, Mortgage, or other Loan Documents nor a waiver of any default by Borrower thereunder.

12. <u>Mortgage Governs</u>

In case of any conflict between this Assignment and the Mortgage, the Mortgage shall govern.

13. <u>Joint and Several Liability</u>

If more than one party executes this Assignment, the term Borrower shall mean all of them, and each of them shall be jointly and severally liable hereunder.

14. <u>Captions</u>

Captions are used for convenience of reference only and are not to be construed as part of the terms of this Assignment.

15. <u>Severability</u>

The invalidity of any provision of this Assignment shall in no way affect the validity of any other provision.

16. <u>Singular and Plural</u>

Where required by the context the singular shall include the plural and the plural shall mean the singular.

17. Gender

The masculine, feminine and neuter forms shall be interpreted interchangeably whenever the context requires.

18. Successors and Assigns

This agreement is binding upon and shall insure to the benefit of the parties hereto and their heirs, successors, personal representatives, and assigns.

19. Notices

Any notice, request, demand or other communication required or permitted hereunder shall be given in writing by delivering the same in person to the intended addressee, by overnight courier service with guaranteed next day delivery or by certified United States Mail, postage prepaid or telegram sent to the intended addressee at the applicable address set forth on Page 1 hereof or to such different address as either Borrower or Lender shall have designated by written notice to the other sent in accordance herewith. Such notices shall be deemed given when received or, if earlier, in the case of delivery by courier service with guaranteed next day delivery, the next day or the day designated for delivery, or in the case of delivery by certified United States Mail, two days after deposit therein.

20. Governing Law

This Assignment shall be interpreted in accordance with and governed by the law of the Commonwealth of Pennsylvania.

21. Jurisdiction

Borrower submits to personal jurisdiction in the Commonwealth of Pennsylvania and waives any and all personal rights to object to such jurisdiction. Borrower agrees service of process may be made and personal jurisdiction obtained by serving Borrower at the address stated on the first page hereof.

22. Changes in Writing

This Assignment may not be changed, waived, or terminated except in a writing signed by the party against whom enforcement of the change, waiver, or termination is sought.

23. Cost and Attorney's Fees

To the extent permitted by law, if Lender retains an attorney to collect any sums due under this agreement, enforce any of the provisions hereof, or otherwise protect Lender's interests, Borrower agrees to pay Lender, on demand, all costs and expenses in connection therewith including all court costs and reasonable attorney's fees whether or not suit is brought or prosecuted to completion.

*Collateral Assignment of Leases and Rents*                                                                 7

IN WITNESS WHEREOF, Borrower has caused this Assignment to be executed as of the date first above written as a sealed instrument.

WITNESS:

_____          _____
                                    Chamberlain S. Peterside

_____          _____
Witness                             Karine G. Peterside

Commonwealth of Pennsylvania:

County of Montgomery

On April 25, 2018, the above named Chamberlain S. Peterside personally appeared before me and acknowledges that he executed the documents above, and that such execution was of his free act and will.

Witness my hand and official seal.

My commission expires: 11/1/2021          Seal: _____

Commonwealth of Pennsylvania - Notary Seal
MELISSA A. HARING, Notary Public
Montgomery County
My Commission Expires November 1, 2021
Commission Number 1057725

Commonwealth of Pennsylvania:

County of Montgomery

On April 25, 2018, the above named Karine G. Peterside personally appeared before me and acknowledges that he executed the documents above, and that such execution was of his free act and will.

Witness my hand and official seal.

My commission expires: 11/1/2021          Seal: _____

Commonwealth of Pennsylvania - Notary Seal
MELISSA A. HARING, Notary Public
Montgomery County
My Commission Expires November 1, 2021
Commission Number 1057725

*Collateral Assignment of Leases and Rents*                                      8

# EXHIBIT A

Inst. # 2018055039 - Page 12 of 12

# EXHIBIT A

All that (those) certain lot(s), tract(s) or parcel(s) of land, with the buildings and improvements thereon erected, situate, lying and being in Millstone Township, County of Monmouth and State of New Jersey and is bounded and described as follows:

BEING known and designated as Lot 26.16 in Block 37.03 as shown on a certain map entitled, Final Plat for Block 37 Lot 26 Section 3, situated in the Millstone Township, Monmouth County, New Jersey, which map was filed in the office of the Clerk of Monmouth County on 09/07/1995 as Filed Map No. 255-19.

BEING further described as follows:

Beginning at a point on the southeasterly R.O.W. line of Mountainview Court (50 foot R.O.W ), said point being a distance of 1272.37 feet from its intersection with the southwesterly R.O.W. line of Cottrell Drive (50 foot R.O.W.), as both extended and running; thence

1. South 33 degrees, 02 minutes, 12 seconds East, a distance of 242.05 feet to a point; thence

2. South 36 degrees, 10 minutes, 17 seconds West, a distance of 302.93 feet to a point; thence

3. North 33 degrees, 33 minutes, 49 seconds West, a distance of 290.93 feet to a point marked by a monument found; thence

4. North 39 degrees, 15 minutes, 41 seconds East, a distance of 138.86 feet to a point on curve; thence

5. Along a curve to the left having a radius of 60.00 feet and an arc length of 150.93 feet to a point of reverse curvature; thence

6. Along a curve to the right having a radius of 25.00 feet and an arc length of 32.29 feet to a point of reverse curvature:

7. Along a curve to the left having a radius of 390.00 feet and an arc length of 4.73 feet to the Point of Beginning.

FOR INFORMATION ONLY:

County: Monmouth, Municipality: Millstone Township

Tax Block: 37.03, Tax Lot: 26.16

Address: 14 Mountainview Court, Clarksburg, NJ 08510.

The above Tax Lot and Block designation and the street address designation is for informational purposes only and is not to be construed as part of the legal description.