# **<u>EXHIBIT E</u>**

I certify this to be a true copy

An Attorney-at-Law of New Jersey
Mark A. Roney

## AMENDED PROMISSORY NOTE

$250,000.00

April 25, 2018
As amended as of May 1, 2020
Newtown, PA

**FOR VALUE RECEIVED**, the undersigned, Chamberlain S. Peterside and Karine G. Peterside, jointly and severally, with an address at 75 Sierra Court, Old Bridge, NJ 08857 (collectively "Maker"), hereby promises to pay to the order of US Asset Funding, LP, a Pennsylvania limited partnership with a principal place of business at 347 Eagle Road, Newtown, PA 18940 (the "Payee"), or at such other place as may be designated in writing by Payee, the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Sum"), together with interest on the unpaid principal balance thereof at a variable rate (the "Interest Rate"), computed based on a 360 day year and compounded on a continuous basis as follows: based on the Prime Rate as published in the Wall Street Journal, plus a margin of 5.25%, with a floor of 10%. At this time, the rate is 10% (TEN PERCENT) per annum, based on a Prime Rate of 4.75%, but the rate shall be changed if and when the Prime Rate changes, subject to the 10% floor. Any and all indebtedness due hereunder and/or any of the documents evidencing, securing or relating to the same (collectively, the "Loan Documents") shall be referred to herein as the "Loan".

1. The following shall constitute the terms of payment under this Amended Note:

   1.1 The Amended Note amends that certain Promissory Note dated April 25, 2018 and shall mature on November 11, 2020, when any unpaid balance of the principal and interest shall be due and payable ("Maturity Date"). Maker shall make payments of interest only until the Maturity Date commencing on the 1st day of June, 2020, and continue on the like day of each calendar month thereafter. Upon the Maturity Date the entire remaining principal balance of the Loan, plus unpaid interest, fees, expenses and other charges shall be paid in full.

   1.2 Any payments on this Amended Note, whether such payment is of a regular installment or otherwise (as permitted hereunder), shall be made in coin and currency of the United States of America which is legal tender for the payment of public and private debts, in immediately available funds, to Payee at the address set forth above or at such other address as Payee may from time to time designate in writing.

   1.3 Upon Maturity, the Maker shall pay to the Payee the entire then unpaid balance of principal, interest and any fees, costs or charges due under this Amended Note.

   1.4 Payee may require payments hereunder to be made by certified check if on any occasion the Maker's checks to Payee are not honored when presented in due course to the bank on which they are drawn.

   1.5 This Amended Note may be prepaid in full or in part at any time. The Payee shall not be under any obligation to so extend if there are any material adverse events concerning Maker or real property ("Real Property") upon which a mortgage is place securing this Amended Note, including without limitation any insolvency, bankruptcy, receivership, forfeiture, indictment, felony arrest or divorce proceedings initiated by or against Maker or physical deterioration, substantial damage, casualty, destruction or eminent domain proceeding affecting the Real Property.

   1.6 Provided the Maker is not in default, the collateral for the Loan remains satisfactory to Payee and a Use and Occupancy Certificate has been issued, Maker shall have the privilege of extending the Loan for an additional period of 6 months by paying the Payee an extension fee of 2.0% of the outstanding balance of the Loan, with a minimum fee of $5,000.00 ("Extension Fee") for such extension, it being understood that Maker shall be obligated to pay interest monthly during any such extension period. The extension fee shall be computed on the higher of (a) the face amount of the Loan or (b) the outstanding balance of the Loan at the time of the extension. If the Maker fails to pay off the Loan at maturity, Maker hereby consents that Payee may automatically (i.e. without Maker's request) charge an extension fee if Payee elects to extend the Loan.

2. At the end of Maker's fiscal year, it shall, upon the request of Payee, supply to the Payee its annual balance sheet and operating financial statement prepared by a Certified Public Accountant. During any period of default hereunder, Payee shall have the right to examine and audit the books and records of the maker and to appraise any of the maker's property, or any other property held as collateral security and the cost thereof shall be repayable on demand and constitute a part of Maker's principal obligation hereunder.

3. Payee shall not by any act, delay, commission, failure to act, or otherwise be deemed to have waived any right, power, privilege or remedy hereunder, an no waiver whatever shall be valid unless in writing signed by Payee hereof, and

US ASSET FUNDING LP., ALL RIGHTS RESERVED – CONFIDENTIAL – Note Page 1

then only the extent therein set forth, nor shall any single, or partial exercise of any right, power, privilege or remedy hereunder preclude any further exercise thereof, or the exercise of any other right, power, privilege or remedy. The rights and remedies herein provided by law may be exercised singly or concurrently. A waiver by Payee hereof of any right or remedy under the terms of this Amended Note, on any one occasion, shall not be construed as a bar to any right or remedy which Payee would otherwise have had on any future occasion. No executory agreement, unless in writing and signed by Payee and no course of dealing between the Maker, endorser(s) or guarantors(s) hereof and Payee shall be effective to change or modify or discharge this Amended Note, in whole or in part.

4. No delay on the part of the Payee, or the exercise of (or the failure to exercise) any rights, remedies, other powers, or causes of action shall operate as a waiver of such right, remedy, power, or cause of action, or preclude any other exercise thereof or the exercise of any other right, remedy, power, or cause of action. Enforcement of any security for payment will not constitute an election of remedies by the Payee so as to preclude the exercise of any other remedy available to such Payee. Acceptance of any payment or installment after its due date shall not waive the right of the Payee to require prompt payment when due of all other payments or installments. All rights and remedies hereunder shall be cumulative and concurrent and may be pursued singly, successively, or together, at the Payee's sole discretion, and may be exercised as often as occasion shall occur.

5. In the even that Payee of this Amended Note shall advance funds or cause funds to be advanced for the payment of insurance premiums, taxes or for such other purposes as in Payee's opinion are necessary for the protection of Maker's assets or Payee's collateral security held by Payee, the avoidance of liens thereon, or the payment of prior liens thereon, any such advance shall be added to and be deemed part of the Maker's principal obligation and shall bear interest at the Interest Rate. Any advance so made by Payee shall be repayable on demand.

6. The Maker hereby authorizes Payee to sign and file financing statements at any time with respect to any security without the signature of Maker. The Maker agrees to pay all filing fees and all other costs and expenses incident to the filing of such statements.

7. Maker shall not, without the prior written consent of Payee, enter into any transaction of merger, sale or consolidation, or transfer, sell, assign, lease or otherwise dispose of any part or its assets, or stock or wind up, liquidate or dissolve its business.

8. Collateral for the Amended Note:

8.1 To secure the prompt payment when due of all of the obligations of Maker hereunder, Maker hereby pledges, assigns, hypothecates, transfers, and delivers to the Payee a lien on and security interest in all of the collateral and all proceeds thereof ("Collateral") as defined in the Loan Documents or any Mortgage executed to secure the said Amended Note. This instrument shall be and be deemed to be a Security Agreement under the Uniform Commercial Code.

8.2 TO FURTHER SECURE THE PAYMENT OF THE SUM UNDER THIS AMENDED NOTE, MAKER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS, THE PROTHONOTARY, CLERK OR THE COURT, OR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR MAKER IN SUCH COURT, IN TERM TIME OR VACATION, AT ANY TIME BEFORE OR AFTER MATURITY AND CONFESS JUDGMENT WIHTOUT PROCESS IN FAVOR OF PAYEE OF THIS AMENDED NOTE, WITH OR WITHOUT THE FILING OF AN AVERMENT OR DECLARATION OF DEFAULT, FOR THE AMOUNT AS MAY APPEAR UNPAID UNDER THIS AMENDED NOTE, TOGETHER WITH ALL FEES, CHARGES, COSTS, AND ATTORNEY'S FEES, AS HEREIN PROVIDED. MAKER ALSO WAIVES AND RELEASES ALL ERRORS WHICH MAY INTERVENE IN ANY SUCH PROCEEDINGS AND WAIVES ALL RIGHT OF CONFIRMING ALL THAT SAID ATTORNEY MAY DO BY VIRTUE HEREOF, AND WAIVING AND RELEASING BENEFIT OF ALL APPRAISEMENT OF INQUISITION ON REAL ESTATE OR PERSONAL PROPERTY, HEREBY VOLUNTARILY CONDEMNING SAID REAL ESTATE OR PERSONAL PROPERTY AND AUTHORIZING THE ENTRY OF SUCH CONDEMNATION UPON ANY WRIT ISSUED, AND HEREBY WAIVES AND RELEASES ALL RELIEF FROM ANY AND ALL APPRAISMENT, STAY OF EXECUTION AND EXEMPTION LAWS OF ANY STATE, NOW IN FORCE, OR HEREAFTER TO BE PASSES. MAKER HEREBY IRREVOCABLY WAIVES THE RIGHT TO FILE A PETITION TO OPEN OR A PETITION TO STRIKE ANY SUCH CONFESSED JUDGMENT OR TO FILE ANY SIMILAR PROCEEDING OR EQUITABLE RELIEF.

8.3 Maker waives presentment for payment, notice of dishonor, protest, notice of protest of this Amended Note or other notice of any kind and all demands whatsoever; and in any litigation with Payee, whether or not arising out of or relating to this Amended Note or any Collateral, Maker expressly waives trial by jury and In

addition, expressly waives the right to interpose any defense based on any statute of limitations or any claim of laches and nay set-off or counterclaim or cross claim of any nature or description.

9. Intentionally Deleted.

10. The following events, whether in connection with the Maker or any endorser or guarantor of the Maker's obligations to Payee, shall constitute an Event of Default under this Amended Note:

10.1 Non-payment of any amount required to be made hereunder on the dates specified, if such non-payment continues for more than five (5) days after the payment was due;

10.2 Failure to perform any agreement herein contained or contained in any Loan Document with respect to the Loan under this Amended Note;

10.3 Death of the principal officer of the Maker or any guarantor;

10.4 Any assignment for the benefit of creditors or appointment of any creditor, receiver or liquidating agent;

10.5 Offering to or receiving form any creditor a composition or extension of any of their indebtedness;

10.6 Making or sending a notice of an indented bulk sale;

10.7 The whole or partial suspension or liquidation of Maker's usual business;

10.8 Failing to pay any tax when assessed or due;

10.9 Commencement of any proceeding, suit or action under any of the provisions of the Federal Bankruptcy Act for adjudication as a bankrupt or for the relief under any provision of the bankruptcy or similar laws by Maker, its principal officer or guarantor;

10.10 Making any misrepresentation to Payee for the purpose of obtaining credit or an extension of credit to Maker;

10.11 Default under any collateral or security agreement given as security for this Amended Note or as security for the guaranty of payment of Maker's obligations hereunder, or under any extension or modification;

10.12 Entry of a money judgment against Maker, Maker's principal officer or any guarantor or commencement of any proceeding for enforcement of a money judgment against any them;

10.13 Revocation of suspension by any licensing authority of any of Maker's licenses;

10.14 Failure to pay any fine, assessment, fee penalty or other sum imposed by any licensing authority.

10.15 Intentionally Deleted (Resignation of corporate officers);

10.16 Any action or transaction contemplated under Paragraph 7 of this Amended Note.

11. Remedies Upon Occurrence of Default:

11.1 In the event of any uncured Event of Default hereunder, then at the option of Payee, the entire principal balance and interest due shall immediately become due and payable and Payee may take any remedy at law, in equity or described in any Loan Document (Remedies on Default). Neither delay in asserting this right nor the acceptance of past due payments or the imposition of late charges shall be deemed a waiver thereof. Upon the happening of any Event of Default, Payee shall have the additional option to exercise all the rights and remedies of a secured party under the Uniform Commercial Code, as adopted by the Commonwealth of Pennsylvania, with respect to any Collateral;

11.2 Upon an Event of Default or whenever Payee engages counsel to collect any of the indebtedness or other sums due hereunder, or to enforce, declare or adjudicate any rights or obligations under this Amended Note or with respect to any Collateral therefore, whether by suit or other means whatever, a legal fee of twenty percent (20%) of the

US ASSET FUNDING LP., ALL RIGHTS RESERVED – CONFIDENTIAL – Note Page 3

principal and interest then due hereunder shall be payable by the Maker together with all costs and expenses of such collection, enforcement or adjudication and shall constitute part of the principal obligation hereunder. If the attorney's fees and costs exceed 20%, Maker shall reimburse the Payee for the fees and expenses charged by such counsel in connection therewith by having such sums constitute part of the principal obligation hereunder.

   11.3 Maker agrees to pay any fees or charges stipulated in the Mortgage executed as security for this Amended Note; together with a fee of $35.00 for any check dishonored by Maker's bank. The imposition of the late charge shall not imply or constitute any agreement by the Payee of this Amended Note to forbear collection of delinquent amounts or to forbear the exercise of any right or remedy available to such Payee.

   11.4 Unless and until an Event of Default shall have occurred and be continuing, Maker shall be entitled to vote any and all of the Collateral and to give consents, waivers, or ratifications in respect thereof. All rights of Maker to vote and to give such consents, waivers, and ratifications shall cease in case a default shall occur and be continuing.

   11.5 Upon the occurrence of any Event of Default, and following the acceleration of maturity as provided in this Amended Note, if a tender of payment of the amounts necessary to satisfy the entire principal amount owing on this Amended Note plus all accrued interest and all other funds, advances, fees, indebtedness and charges due under this Amended Note, is made prior to a liquidation or foreclosure sale of collateral, if any, held by Payee, such tender shall NOT constitute an evasion of any prepayment terms which may be applicable to the payment of this Amended Note.

   11.6 **DEFAULT INTEREST:** Upon the earlier of MATURITY or an Event of Default and upon Payee's election, any payment due hereunder or under any of the Loan Documents shall, from and after the date of such Event of Default, accrue interest at a per annum rate equal to twenty-four percent (24%) or the highest rate allowed by law, whichever is greater.

   11.7 **DELINQUENCY CHARGES:** If Maker fails to pay any amounts of principal, interest or any other charges, fees or costs due hereunder on this Amended Note within five (5) days of when such payment becomes due, Payee may, at its option, whether immediately or at the time of final payment of the amounts evidenced by this Amended Note impose a delinquency or "late" charge equal to $25.00 or five percent (5%) of the amount of such past due payment, whichever is greater, notwithstanding the date on which such payment is actually paid in full and until paid shall be secured as set forth in Section 16 below. Maker agrees that any such delinquency charges shall not be deemed to be additional interest or penalty, but shall be deemed to be liquidated damages because of the difficulty in computing the actual amount of damages in advance. Any and all monetary waivers or credits issued by Payee, including without limitation late fee credits, are subject to reversal in the event of any default hereunder or under the Mortgage.

   11.8 **COSTS AND EXPENSES UPON DEFAULT:** After the earlier of Maturity or a default under the Loan Documents, in addition to principal, interest and delinquency charges, Payee shall be entitled to collect all costs of collection, including, but not limited to, reasonable attorneys' fees and expenses, incurred in connection with the protection or realization of collateral or in connection with any of Payee's collection efforts, whether or not suit on this Amended Note or any proceeding is filed, and all such costs and expenses shall be payable on Maturity and until paid shall also be secured by the other Loan Documents, said unpaid costs and expenses shall be deemed a part of the principal balance and shall bear interest.

   12. Any notice, request, demand or communication to Payee shall be deemed effective only if in writing and sent to Payee, via certified mail or other form of verified delivery. Any notice to the Maker shall be deemed sufficient if given to the Maker via first class US Mail or email with verification of delivery.

   13. This Amended Note and the Loan evidenced thereby shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and the parties deem that this Amended Note was executed in Pennsylvania; and the Loan to be a Pennsylvania transaction.

   14. If any provision of this Amended Note shall prove unenforceable under any law, it shall not effect the enforceability or validity of any other provision hereof.

   15. This Amended Note may not be changed or terminated unless in writing, signed by Payee.

   16. This Promissory Amended Note shall be binding upon the Maker, its heirs, personal representatives, successors and assigns, and shall inure to the benefit of the Payee, and his or its heirs, personal representatives, successors and assigns.

   17. **JOINT AND SEVERAL LIABILITY:** The liabilities of Maker of this Amended Note are joint and several;

provided, however, the release by Payee of either Maker shall not release any other person obligated on account of this Amended Note. Each reference in the within Amended Note to Maker is to such person individually and also to all such persons jointly. No person obligated on account of this Amended Note may seek contribution from any other person also obligated unless and until all liabilities to Payee from the person from whom contribution is sought have been satisfied in full.

**IN WITNESS WHEREOF,** the Maker, intending to be legally bound hereby, has executed this Amended Note under SEAL, as of the date first above written.

Witness: _____

_____
Chamberlain S. Peterside

Witness: _[signature]_

_____
Karine G. Peterside

HEATHER M. ESBENSEN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 11/20/2022