# **EXHIBIT H**

**NEW JERSEY TAX & ASSESSMENT SEARCH**

*Charles Jones* — A DataTrace Company

| | |
|---|---|
| **For:** | FORTUNE TITLE FORECLOSURE |
| **Customer ID:** | 226655599 |
| **Reference #:** | 30402877\|341137FTS |
| **Order #:** | 8675821/MT-266-8675821 |
| **Updated Date:** | 09/23/2022 |

| | |
|---|---|
| **Original Fee:** | 36.50 |
| **Contin Fee:** | 40.00 |
| **Total:** | $76.50 |

## CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 37.03 | **Assessed Owner:** | PETERSIDE,CHAMBERLAIN & KARINE |
| **Lot:** | 26.16 | **Property Location:** | 14 MOUNTAINVIEW CT |
| **Also:** | | **Mailing:** | 14 MOUNTAINVIEW CT |
| | | | MILLSTONE TWP, NJ 08510 |
| | | **Municipality:** | MILLSTONE TWP(MONMOUTH) |
| | | | 470 Stage Coach Road |
| | | | Millstone Twp, NJ 08510 |
| | | | (732) 446-3983 |
| **Property Class *:** | 2 - Residential | **Cert of Occup.:** | New Construction |
| **Lot Size:** | 1.696 AC | **Smoke detector:** | Required as per NJAC 5:70-4.19 |
| | | | Call (732) 446-3938 for inspection |
| | | | Inspection Fee $ 20.00 for inspection |

| | | | |
|---|---|---|---|
| **Assessed Values:** | **Land:** $180,300 | **Improvements:** $673,800 | **Total:** $854,100 |
| **Tax Rate:** | 2.416 per $100 of Assessed Value | | |
| **Tax Deductions:** | None | | |
| **2021 Taxes:** | | $20,617.97 | INCLUDED IN BELOW LIEN |
| **2022 Qtr 1** | Due: 02/01/2022 | $5,154.50 | INCLUDED IN BELOW LIEN |
| **2022 Qtr 2** | Due: 05/01/2022 | $5,154.49 | INCLUDED IN BELOW LIEN |
| **2022 Qtr 3** | Due: 08/01/2022 | $5,163.04 | INCLUDED IN BELOW LIEN |
| **2022 Qtr 4** | Due: 11/01/2022 | $5,163.03 | OPEN |
| **2023 Qtr 1** | Due: 02/01/2023 | $5,158.77 | OPEN |
| **2023 Qtr 2** | Due: 05/01/2023 | $5,158.76 | OPEN |
| **Added Assessments:** | None | | |
| **Water:** | PRIVATE - Well | | |
| **Sewer:** | PRIVATE - Septic | | |
| **Confirmed Assessments:** | None | | |
| **Liens:** | Year: 2019 | Type: 3RD PARTY TAX | Amount: $102,212.24 |
| | Cert No.: 20-00002 | Sold: 12/03/2020 | To: ATCF II NEW JERSEY, LLC |
| | Lien amount is subject to subsequent taxes + interest. Must call prior to settlement for redemption figures. THE REDEMPTION OF LIENS IS OUTLINED IN N.J.S.A 54:5-54 | | |

Additional Vacant/Abandoned Property Fees may apply. Municipalities reserve the right to impose property registration fees on a property deemed vacant/abandoned and additional fees on a property in which foreclosure proceedings have commenced. These fees are municipal charges subject to tax sale. It is advised that funds be escrowed to cover these potential fees. Please contact the municipality to confirm status.

## Unconfirmed Assessment Certificate

| | | |
|---|---|---|
| **Ordinance #:** None | **Adopted On:** None | **Improvement Type:** None |

*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

# Monmouth County Document Summary Sheet

| | |
|---|---|
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | Return Name and Address<br>Karine Peterside<br>14 Mountainview Ct.<br>Millstone, NJ 08510 |

**600V85**

**Official Use Only**

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2020026085
RECORDED ON
Mar 05, 2020
11:40:37 AM
BOOK=OR-9401
PAGE=2549
Total Pages: 10

COUNTY RECORDING   $120.00
FEES
TOTAL PAID         $120.00

| | |
|---|---|
| Submitting Company | XCellon Capital Advisors Limited |
| Document Type | Loan Agreement (Mortgage) |
| Document Date (mm/dd/yyyy) | 01/12/2018 |
| Total Number of Pages<br>(Including the cover sheet) | 10 |
| Consideration Amount (If applicable) | |
| Official Use Only | 10 |

1 of 2

| | Name(s)  (Last Name, First Name or Company Name) | Address (Optional) |
|---|---|---|
| First Party | Chamberlain Peterside | |
| Second Party | XCellon Capital Advisors Limited | |

**The Following Section is Required for DEEDS Only**

| | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| Parcel Information | | | | | |

**Recording Reference to Original Document** (if applicable)

| | Book | Beginning Page | Instrument No. |
|---|---|---|---|
| Reference Information<br>(Marginal Notation) | | | |

Please do not detach this page from the original document as it contains important recording information and is part of the permanent record.



973-732-1483

12 31:20 p.m    10-28-2014    1/8

# LOAN AGREEMENT

# BETWEEN

# XCELLON CAPITAL ADVISORS LIMITED

# AND

# DR. CHAMBERLAIN PETERSIDE


973-732-1488

12:31:40 p.m    10-28-2014    2/9

THIS LOAN AGREEMENT (the "Agreement) is made this 6th Day of February 2012.

**BETWEEN**

Xcellon Capital Advisors Limited, an investment advisory company duly registered under the laws of Nigeria with office at No. 12 Bishop Johnson Lane, Port Harcourt, Rivers State, Nigeria (hereinafter referred to as the "LENDER" which expression shall where the context so admits include its successors-in-title and assigns of the one hand;

**AND**

Dr. Chamberlain Peterside of No 23 Obanoban Street, New GRA, Port Harcourt, Rivers State, Nigeria (hereinafter referred to as the "BORROWER" which expression shall where the context so admits include his heirs, executors, personal representatives and assigns of the other hand.

Collectively referred to as "Parties" and individually as "Party"

**WHEAREAS:**

I. The Lender is an Investment Advisory firm focused on assisting clients in the West African Sub-region to harness emerging investment potentials in the continent and abroad.

II. The Borrower is a Director and holder of eighty percent (80%) equity stake of the authorised and issued share capital of the Lender and has requested to borrow and the Lender has consented to lend to the Borrower the sum of money stated in Clause 1 for the purposes stated in Clause 3 below, subject to the terms and conditions set out in this Agreement.

NOW THEREFORE IT IS HEREBY AGREED as follows:

1. **THE FACILITY**
1.1. The Lender agrees to loan the Borrower the total sum of One Million, Nine Hundred and Fifty Thousand Dollars only ($1,950,000.00) under the terms of this Agreement.

1.2. The loan shall be issued to the Borrower through staggered payments in the following tranches:

2



973-732-1488

12 32:28 p.m    10-28-2014    3/8

| Tranche | Due Date | Sum Due |
|---|---|---|
| A | June 2012 | $600,000.00 |
| B | January 2013 | $650,000.00 |
| C | January 2014 | $700,000.00 |

**2. COMMENCEMENT**
This Agreement shall be deemed to have commenced on the date first written above.

**3. PURPOSE**
The loan is given to the Borrower towards the funding of a new and/or ongoing domestic enterprise and for the acquisition of real estate overseas.

**4. REPAYMENT**

4.1  Repayment shall be in either of the following ways:

i.  A onetime payment of the sum of $2,000,000.00 (inclusive of loan cost) in full satisfaction of the loan on or before December 31, 2016; or

ii.  Monthly payments of $100,000.00 from January 1, 2016 to December 1, 2017 (a total of 24 payments).

4.2  Without any obligation on the Lender to do so, the Lender shall be entitled to allow the Borrower extended time to pay or grant any other indulgence to the Borrower without affecting any rights of the Lender in whole or in part.

**5. DEFAULT**

5.1  Subject to clause 5.3 of this Agreement, the Borrower agrees that in the event of his default in repayment as and when due, the Borrower shall forfeit his equity stake in the Lender to the extent that it cures any unpaid balance.

5.2  Where the Borrower has commenced payments in line with clause 4.1 (ii) above and defaults in payment for any given month, the Borrower shall pay in the following month, the payment due for the month plus the unpaid balance from the preceding month.

5.3  For the avoidance of doubt, the Lender shall not be entitled to claim any stake in the equity shares of the Borrower before January 1, 2018. Lender's rights to the

3



973-732-1488                                                    12 39:06 p.m   10-28-2014      1/1

equity stake of the borrower shall only become effective from January, 2018 to the extent of the unpaid balance.

### 6. BORROWER'S COVENANTS
The Borrower hereby undertakes as follows:

6.1 That during the Tenor of the Facility All expenses incurred in the administration of the Loan shall be borne by the Borrower.

6.2 It shall comply strictly with all applicable laws and regulations of the Federal Republic of Nigeria in the course of obtaining and utilizing the Loan for the purposes stated in this Agreement.

### 7. DISPUTE RESOLUTION
In the event of any dispute arising between the parties, such dispute shall first be settled mutually between the parties, failing which, the dispute shall be referred to arbitration in Lagos in accordance with the provisions of the Arbitration and Conciliation Act CAP A18, Laws of The Federation of Nigeria 2004, or any amending or substituting statute for the time being in force.

### 8. CONFIDENTIALITY
The information which may be made available as a result of this Agreement ("**Confidential Information**") by either Party (the "**Disclosing Party**") to the other Party (the "**Receiving Party**") is provided by the Disclosing Party on the basis that the Receiving Party agrees to keep it in strict confidence.

### 9. NOTICES
a. All notices or demands and any other communication under this MOU (especially in case of a dispute) shall be in writing and delivered personally or by registered mail or courier at the below mentioned address.

To:  Xcellon Capital Advisors Limited
     No. 12 Bishop Johnson Lane
     Port Harcourt
     Rivers State – Nigeria

4



973-732-1488

12:34:02 p.m    10-28-2014    5/8

To: Dr. Chamberlain Peterside
No 23 Obanoban Street
New GRA
Port Harcourt
Rivers State - Nigeria

AND

Peter A. Maduabum, Esq.
Cobos Ellington Maduabum & Mckenzie, LLC
One Washington Street, Suite 1302
Newark, New Jersey 07102

AND

Sterling Partnership
17a Wumego Crescent
Off Christ Avenue
Lekki Phase 1
Lagos- Nigeria

b. Changes, if any, to the above addresses must be given by either Party to the other, in writing, and delivered using any of the above mentioned modes of delivery.

## 10. GOVERNING LAW
This Agreement shall be governed by, construed and enforced in accordance with the Laws of the Federation of Nigeria.

## 11. ENTIRE AGREEMENT
This MOU constitutes the entire agreement between the Lender and the Borrower and supersedes all prior understandings, oral or written between the Lender and the Borrower.

IN WITNESS whereof, the Lender hereto has caused its seal to be affixed the day and year first above written.

[SIGNATURES BEGIN ON NEXT PAGE]

5



973-732-1488

12.41:16o.m. 10-28-2014 1:1

XCELLON CAPITAL ADVISORS LIMITED

_____ / Aigbe Felix Ighodaro

DIRECTOR

Date: 02/8/2012

SECRETARY

Date: 02/8/12

**IN WITNESS** whereof, the Borrower hereto has executed this Agreement on the date first above written.

**DR. CHAMBERLAIN PETERSIDE:**

Signature: _____

Date: 02/8/12

Eunha Krost
Consular Associate
United States of America

25 Feb 2020

I, Eunha Krost, assume no responsibility for the truth or falsity of the representations which appear in the foregoing (or, annexed) document (or specified elements of the document).



973-732-1488                                                  12 35:02 p.m    10-28-2014           7/8

# THE FEDERAL REPUBLIC OF NIGERIA
## THE COMPANIES AND ALLIED MATTERS ACT, CAP C20 LFN 2004

### BOARD RESOLUTIONS

### OF

### XCELLON CAPITAL ADVISORS LIMITED

At the meeting of the Board of Directors of the above named company duly convened and held at No. 12, Bishop Johnson Lane, Port Harcourt, Rivers State, Nigeria, the following resolutions were proposed and passed, that:

1. The Board approves the sum of One Million, Nine Hundred and Fifty Thousand United States Dollars ($1, 950, 000.00) only as a loan in favour of Dr. Chamberlain Peterside, a Director and Shareholder of the company;

2. The loan shall be granted to Dr. Peterside in the following tranches:

| Tranche | Due date | Sum due |
|---|---|---|
| A | June 2012 | $600,000.00 |
| B | January 2013 | $650,000.00 |
| C | January 2014 | $700,000.00 |

3. The collateral for the loan granted is Dr. Peterside's equity stake in the company to the extent of any outstanding repayments;

4. The purpose for which the loan is granted include:
   a. Real Estate Acquisition overseas; and
   b. Capital funding for a new/ongoing enterprise.

5. Dr. Peterside shall repay the loan received from the company in either of the following manners:

Page 1 of 2



973-732-1 IIBIS

    a. A one-time payment of Two Million United States Dollars ($2,000,000.00) only in full satisfaction of the loan on or before 31st December 2016; or

    b. Twenty Four payments of One Hundred Thousand United States Dollars ($100,000.00) monthly, commencing in January 2016 and ending in December 2017;

6. A loan agreement governing the relationship between the company and Dr. Peterside be executed hereafter.

Dated, this 13th day of January, 2012.

_____        _____
DIRECTOR        DIRECTOR

Eunha Krost
Consular Associate
United States of America

25 Feb 2020

I, _____Eunha Krost_____ assume no responsibility for the truth or falsity of the representations which appear in the foregoing (or, annexed) document (or specified elements of the document).



Eunha Krost
Consular Associate
United States of America

ORIGINAL SEEN & RETURNED
American Vice Consul

## Monmouth County Document Summary Sheet

| | |
|---|---|
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | **Return Name and Address**<br>Karine Peterside<br>14 Mountainview Ct<br>Millstone, NJ 08510<br>600V87 |

**Official Use Only**

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2020026086
RECORDED ON
Mar 05, 2020
11:40:38 AM
BOOK:OR-9401
PAGE:2592
Total Pages: 6

COUNTY RECORDING FEES    $90.00
TOTAL PAID    $90.00

| Submitting Company | XCellon Capital Advisors Limited |
|---|---|
| Document Type | Loan Agreement Addendum |
| Document Date (mm/dd/yyyy) | 06/27/2017 |
| Total Number of Pages (Including the cover sheet) | 6 |
| Consideration Amount (If applicable) | |

Official Use Only    6

OR-9401
PAGE-2544

2 of 2

| | Name(s) (Last Name, First Name or Company Name) | Address (Optional) |
|---|---|---|
| **First Party** | Chamberlain<br>Peterside | |
| **Second Party** | XCellon Capital<br>Advisors Limited | |

**The Following Section is Required for DEEDS Only**

| | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| **Parcel Information** | | | | | |

**Recording Reference to Original Document** (if applicable)

| | Book | Beginning Page | Instrument No. |
|---|---|---|---|
| **Reference Information**<br>(Marginal Notation) | | | |

*Please do not detach this page from the original document as it contains important recording information and is part of the permanent record.*



# FIRST ADDENDUM TO THE LOAN AGREEMENT

BETWEEN

XCELLON CAPITAL ADVISORS LIMITED

AND

DR. CHAMBERLAIN PETERSIDE



THIS FIRST ADDENDUM TO THE LOAN AGREEMENT (the "Addendum") is made this 07th day of June 2017.

BETWEEN

XCELLON CAPITAL ADVISORS LIMITED, an investment advisory company duly incorporated under the laws of the Federal Republic of Nigeria and having its registered at No. 12 Bishop Johnson Lane, Port Harcourt, Rivers State (hereinafter referred to as the "LENDER" which expression shall where the context so admits include its successors-in-title and assigns.

AND

DR. CHAMBERLAIN PETERSIDE of No. 23 Obanoban Street, New GRA, Port Harcourt, Rivers State, Nigeria (hereinafter referred to as the "BORROWER" which expression shall where the context so admits include his heirs, executors, personal representatives and assigns.
Individually referred to as "Party" and collectively as "Parties".

WHEREAS:
  i. The Parties entered into a loan agreement dated 6 February 2012 (the "Loan Agreement"), under which the Lender provided a loan in the sum of USD 1,950,000 (One Million, Nine Hundred and Fifty Thousand United States Dollars only) to the Borrower.
  ii. By virtue of the prevailing economic circumstances in Nigeria induced by a slump in crude oil prices in the global market thereby leading to a surge in the exchange rate of the Nigerian Naira against the United States Dollar, the Borrower could not commence repayment of the loan as contemplated in the Loan Agreement.
  iii. Based on the foregoing, the Parties have agreed to restructure the repayment of the loan and renew the term of the loan pursuant to Section 4.2 of the Loan Agreement.
  iv. In addition, the Parties desire to amend and supplement the miscellaneous provisions of the Loan Agreement and make such other necessary amendments to the Loan Agreement.

Capitalised terms used herein and not otherwise defined, shall have the meanings assigned to them in the Loan Agreement.

**NOW THEREFORE, THE PARTIES AGREED AS FOLLOWS:**

**1. SECURITY**

1.1 As security for the repayment of the loan, the Borrower agrees that the loan shall be secured with a lien as a single family property located at #14 mountain view court millstone, NJ 08510 USA, LOT 26, 16, Block 37,03, recorded in the county of Monmouth, State of New Jersey.

**2. AMENDMENTS TO THE LOAN AGREEMENT**

2.1 Section 4.1 of the Loan Agreement is hereby deleted and restated in its entirety as follows:

   i. The unpaid principal and accrued interest shall be payable in monthly installments of USD 16,700 beginning on 1 January 2018 and continuing until January 2028 at which time the remaining unpaid principal and interest shall be paid in full; or

   ii. Quarterly payments of USD 100,000 from 1 January 2018 to 31 December 2023 (a total of 20 payments).

   iii. The Parties agree that all payments with respect to the loan shall be in the Nigerian currency (Naira) and the applicable exchange rate shall be the prevailing market rate in Nigeria.

   iv. The Lender shall hold as collateral for the loan property situated at #14 Mountain view court, Millstone, NJ 08510, USA, Lot #26.16, Block 37, 03, in the county of Monmouth, state of New Jersey.

**3. GOVERNING LAW AND DISPUTE RESOLUTION**

3.1 Section 7 & 10 is hereby deleted in its entirety and replaced with the following;

   i. The Loan Agreement and any Addendum thereto shall be governed and construed in accordance with the laws of the Federal Republic of Nigeria.

   ii. The Parties shall do all within their effort to settle any dispute arising between them amicably within thirty (30) days of written notification of any dispute by the affected party.

   iii. Where parties are unable to amicably resolve their dispute, such dispute, controversy or claim arising out of or relating to or in connection with this Loan Agreement and Addendum, or the breach, termination or validity hereof shall be finally settled by a sole arbitrator in accordance with the Arbitration and Conciliation Act, Cap A18 Laws



    of the Federation of Nigeria 2004, for the time being in force at the time such arbitration is commenced (the "Arbitration Act").

 iv. Parties shall jointly appoint the sole arbitrator within thirty (30) days of the receipt by a party at the other party's request to initiate arbitration. Where the Parties are unable to appoint their arbitrator within the prescribed time, the decision shall be made by the Chairman of the Governing Council of the Lagos Multi-Door Court House, Lagos State, Nigeria.

 v. The place of the arbitration shall be Lagos, Nigeria. The language of arbitration and award shall be English.

**3. APPLICABILITY OF THE LOAN AGREEMENT**

Except as set forth in this Addendum, the remaining provision of the Loan Agreement is unaffected and shall continue in full force and effect in accordance with its terms, provided that if there is any conflict between the provisions of this Addendum and the Loan Agreement, the provisions of this Addendum shall prevail.

**4. COUNTERPARTS**

This Addendum may be executed in one or more counterparts, all of which shall be considered one and the same Loan Agreement and shall become effective when one or more counterparts have been signed by each of the Parties hereto and delivered to the other parties hereto.

**IN WITNESS OF WHICH,** the Parties have caused this Addendum to be duly executed and delivered in the manner below as of the day and year first above written.

THE COMMON SEAL of the within named

**XCELLON CAPITAL ADVISORS LIMTED**

was hereunto affixed in the presence of:

_____    _____
DIRECTOR                                SECRETARY

Name: Agbe Felix Oludarro

**DR. CHAMBERLAIN PETERSIDE**

Signature: _____    Date: 27th June, 2017

I, Eunha Krost, assume no responsibility for the truth or falsity of the representations which appear in the foregoing (or, annexed) document (or specified elements of the document).

Eunha Krost
Consular Associate
United States of America

26 Feb 2020




| Form 668 (Y)(c) (Rev. February 2004) | 16999 Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | | |
|---|---|---|---|
| **Area:** SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | **Serial Number** 315940118 | | **For Optional Use by Recording Office** |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2018072648
RECORDED ON
Jul 24, 2018
10:44:41 AM
BOOK=OR-9302
PAGE=1979
Total Pages: 1

COUNTY RECORDING FEES    $25.00
TOTAL PAID              $25.00

**Name of Taxpayer** CHAMBERLAIN S & KARINE G PETERSIDE

**Residence** 14 MOUNTAINVIEW CT
MILLSTONE, NJ 08510

500RS5

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2012 | XXX-XX- | 04/15/2013 | 05/15/2023 | |
| 1040 | 12/31/2012 | XXX-XX- | 10/07/2013 | 11/06/2023 | |
| 1040 | 12/31/2012 | XXX-XX- | 04/27/2015 | 05/27/2025 | |
| 1040 | 12/31/2012 | XXX-XX- | 11/22/2017 | 12/22/2027 | 487358.12 |
| 1040 | 12/31/2013 | XXX-XX- | 11/17/2014 | 12/17/2024 | |
| 1040 | 12/31/2013 | XXX-XX- | 11/22/2017 | 12/22/2027 | 593364.64 |

**Place of Filing**
Office of the County Clerk
Monmouth
FREEHOLD, NJ 07728

**Total** $ 1080722.76

This notice was prepared and signed at _____DETROIT, MI_____, on this,
the __16th__ day of __July__, __2018__.

Signature _Joan Flack_
for CANDACE S PRZYGODA

Title
REVENUE OFFICER
(732) 777-7261

21-16-3021

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X