UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**HILL WALLACK LLP**
Mark A. Roney, Esq.
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543
Phone: 609-924-0808
Email: mroney@hillwallack.com
*Attorneys for secured creditor*
*U.S. Asset Funding, LP*

| | |
|---|---|
| In Re: | Case No.: 23-10374 (CMG) |
| Karine G. Peterside aka Karine Peterside, | Chapter: 13 |
| Debtor. | Judge: Christine M. Gravelle, U.S.B.J. |
| | Confirmation Date: March 15, 2023 |

## OBJECTION OF U.S. ASSET FUNDING, LP TO
## THE DEBTOR'S PROPOSED PLAN OF REORGANIZATION

Hill Wallack LLP, attorneys for secured creditor, U.S. Asset Funding, LP ("US Asset"), hereby submits its objection to the confirmation of the Proposed Plan of Reorganization (the "Proposed Plan") **[Docket No. 10]** filed by the debtor, Karine G. Peterside aka Karine Peterside (the "Debtor"), for the following reasons:

1.       Debtor filed her petition under Chapter 13 of the United States Bankruptcy Code on January 16, 2023 (the "Petition Date").

2.       Debtor filed her Proposed Plan until February 6, 2023.  See Docket No. 10.

3.       US Asset is a secured creditor of the Debtor, having provided a loan to Debtor, and co-debtor Chamberlain Peterside (the "Co-Debtor", and with the Debtor collectively referred to as the "Borrowers"), in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) (the "Loan"), which Loan is secured by a first mortgage against real property located at 14 Mountainview Court, Millstone, NJ 08510 (the "Property") owned by

the Borrowers. US Asset has also obtained a Final Judgment of foreclosure in the amount of $409,168.40, as of August 17, 2022, plus interests and costs relating to its mortgage lien against the Property. See US Asset's Proof of Claim filed as Claim No. 2.

4.      US Asset's secured claim in this matter is equal to $430,0871.38. Id.

5.      The Proposed Plan provides that Debtor will make payments to the Trustee in the monthly amount of Seven Thousand Six Hundred and Twenty Dollars ($7,620.00) for sixty (60) months to be paid out of future earnings and payments of $5,000.00 a monthly outside of the Proposed Plan to US Asset. See Docket No. 10.

6.      As of today's date, the Trustee's publicly available information indicates that Debtor has not made any payments to the Trustee in connection with the Proposed Plan.

7.      As of today's date, Debtor has not made any of the proposed $5,000.00 monthly payments to US Asset outside of the Proposed Plan.

8.      The failure of Debtor to make payments is indicative of the fact that the Proposed Plan is not feasible as US Asset does not believe Debtor has the financial capability to make the necessary payments despite the information listed in her Schedules.

9.      Debtor purports to have monthly net income in the amount of $21,000.67 a month or $252,008.04 a year (on $33,366.67 in "take home pay" a month for a gross "take home pay" of $400,400.04 annually). See Debtor's Schedules I & J. A significant increase of her gross income in 2022 which Debtor listed as $166,536.00 in her Statement of Financial Affairs (the "SOFA") even though Debtor indicates she has been working for the same employer for the last eight (8) years. See the Debtors' SOFA at question No. 4 and Exhibit I, Part 1.

10.     Despite this alleged net monthly income, Debtor has failed to make any of the required payments under the Proposed Plan.

11.     The Debtor's initial 341 meeting of creditors was scheduled for February 6, 2023, but was not conducted.  The 341 meeting is currently scheduled for March 16, 2023, so neither the Chapter 13 Trustee or Debtor's creditors have had any opportunity to examine the Debtor on the legitimacy of her alleged net income and the dramatic increase in her income reflected in her filings from .

12.     Despite the inability to examine the Debtor regarding her net income, it is highly suspect based on the income disparity between 2022 and 2023 as noted above and other information provided by Debtor.  Debtor stated that as of the Petition Date she had virtually no assets of any value other than a 2014 Mercedes Benz and $2,010.50 in the bank.  See, *generally*, Debtor's Schedule A/B.  Hardly indicative of someone with net income of $21,000.67 a month.

13.     The obligations the Debtor incurred as of the Petition Date also reflect the unreliable nature of the financial information submitted or her ability to complete a plan of reorganization as the IRS filed a claim for taxes owed from 2012, 2013, and 2022 in the amount of $1,358,173.43, of which $109,522.10 is secured.  See Claim No. 1.

14.     As indicated in US Asset's Motion for Relief from the Automatic Stay and Co-Debtor Stay, Debtor also owes the sum of no less than $113,371.05 in real property taxes which are subject to a tax sale that occurred on December 3, 2020.  See Docket No. 14, at 14-11.

15.     It appears Debtor has not paid her real property taxes for over two (2) years, despite her alleged substantial net income.  Interestingly, the Debtor did not disclose the outstanding real property taxes in her Schedules.

16.     Debtor's Schedule H also fails to disclose Co-Debtor as an additional obligor on the debt owed to US Asset, the IRS (as per the recorded lien against the Property), or as to the real property taxes.

17.     These failures to disclose, and the clear lack of reliability regarding Debtor's net income, along with her failure to make any Proposed Plan or other payments to date reflect her financial inability to complete the Proposed Plan and that same is not feasible.

18.     Additionally, even if the Court were to assume the Debtor's net income was reliable, the Proposed Plan is still not confirmable. The Proposed Plan contemplates paying the sum of $457,200.00 to the Trustee, which is not sufficient to pay in full Debtor's secured claims and/or administrative priority claims.

19.     Based on the secured claims against the Property and the administrative priority claims, which total no less than $680,000.00, the Debtor has no equity in the Property as she has valued her half-interest at $473,755.00.  See Debtor's Schedule A/B and see Docket No. 14-9.

20.     It is quite clear that Debtor has failed to properly disclose her debts and assets as required under the Bankruptcy Code or otherwise fulfilled her duties to the Court and creditors in this case such that the information she has been provided can be relied upon for any reason, let alone confirming the Proposed Plan with its substantial financial obligations.

21.     As a result of the foregoing, the Debtor's Proposed Plan is not confirmable as proposed and the Debtor is unable to otherwise propose a Proposed Plan which is feasible or otherwise complied with her duties of disclosure under the Bankruptcy Code.

Therefore, US Asset respectfully suggests that the Debtor's Proposed Plan be denied, and because the Debtor cannot submit a confirmable plan, the case should be dismissed.

Respectfully submitted,
**HILL WALLACK LLP**

By:    */s/ Mark A. Roney*
          Mark A. Roney

Dated: March 8, 2023